Lipscomb, J.
We will dispose of the points in the order in which they have been presented.
A reference to the statement of the facts shows that the evidence rejected by the court was this: A witness was asked the extent or amount of the injury sustained by the defendant from the unskillful manner in which the work had been executed. This evidence, it is believed, would have been proper bad the defendant set up this injury in reconvention as a demand against the plaintiff. But no such defense was offered by the answer; and for aught that is apparent on the record, the defendant may have a suit peuding for that very injury. It would therefore seem that the evidence was correctly excluded.
On the second point: It does not appear from the evidence that there was an express warranty for the work; and from the absence of proof, we must conclude that there was none. There is, however, in all cases when work is contracted to be done, an implied obligation that it shall be so executed as to answer the object designed. And if it had been in proof that it entirely failed in what it was designed for, the jury ought to have found a verdict for the defendant; but if it was only less valuable than it might have been made, in an action like the present, in the absence of proof of a special contract, the amount of what the work was really -worth should be the verdict. As to the value of the work and the degree of skill with which it had been performed, the testimony was not clear, but was conflicting; and the settled rule of decision of the court is that when there is such conflict, we will not reverse the judgment of the court below in refusing to grant a new trial. When a verdict is contrary to evidence or without evidence to support it, and a new trial had been asked and refused, we would send the case back for a new trial. But where there is evidence on both sides, presenting, as it here does, a conflict, it is peculiarly the province of the jury to determine its weight, and return their verdict accordingly. (Briscoe v. Bronaugh, 1 Tex. R., 326; Legg v. McNeil et al., 2 Tex. R., 428; Hall v. Hodge, 2 Tex. R., 323; Perry v. Robinson, Adm’r, 2 Tex. R., 490.)
The. application of the rule just mentioned must show the insufficiency of the third and last assignment of error. The evidence of a full settlement by the parties is inconclusive and uncertain ; and it was a question for the jury to determine whether the work sued for in the suit w:is not particularly excluded-from the settlement and left open by the parties for a further adjustment. The record furnishes no sufficient ground for reversing the judgment; it is-therefore affirmed.
Judgment affirmed.