Wheeler, J.
FTo question "of law upon any ruling of the court in the progress of the trial is presented by the record. The only question is, Was the verdict contrary to the evidence?
Several witnesses testified touching the genuineness of the note. It is unnecessary here to recapitulate the testimony. ■ It will suffice to determine the present inquiry that the evidence was conflicting. The weight of evidence seems to me to preponderate in favor of the plaintiff. But repeated decisions of this court have settled that it is the exclusive province of the jury to weigh the evidence and judge of the credibility of the witnesses. Where they have acted within their province upon a question of fact, the court will not grant *3 a new trial merely because the weight of evidence may seem to preponderate against the verdict. There were some apparent discrepancies in the testimony of the principal witness relied on to disprove the genuineness of the note, but tiiey may have been the result of inadvertence or mistake. His credibility was not impeached. Two juries, with better means than we possess of judging of the credit to which the witness is entitled, have found verdicts in accordance with his testimony, and we do not conceive ourselves authorized, upon impressions respecting the fact derived from the mere inspection of the evidence in the record, to annul their verdict. It cannot be said to have been found without evidence, for there certainly is the testimony of one witness, unimpeached and not wholly unsustained by other evidence, to support it. A verdict will not be deemed contrary to the evidence when it is conflicting and there is evidence to support the verdict. The evidence in this case is, it is true, conflicting, rendering it uncertain where the truth lies, and this makes it a case proper for the jury to weigh the evidence and decide finally and conclusively tlie question of fact.
Note 1. — Russell v. Mason, 8 T., 226; Long v. Steiger, 8 T„ 460; Stewart v. Hamilton, 19 T, 96; Anderson v. Anderson, 23 T., 639; Baldridge v. Gordon, 24 T., 288; Howard v. Ray, 26 T, 88; Adams v. George, 25 T. Supp., 374; Floyd v. Rice, 28 T., 341; Stroud v. Springfield, 28 T., 649; Robinson v. Davenport, 40 T., 333.
The litigation in this case has been protracted through a series of years, with repeated trials, no one of which has resulted in favor of the plaintiff. The question is one purely of fact, and hence exclusively within the province of the jury. They have? twice agreed in the same result, and we conceive that neither the rules of law nor the ends of justice require that the controversy he further protracted.
We are of opinion that the court did not err in refusing a new trial, and that the judgment he affirmed.
Judgment affirmed.