Hemphill, Ch. J.
Several points are raised in this case, which, if necessary to be examined at length, would require considerable discussion. There is no doubt of the general principle that where the purchase-money is paid by one and title taken in the name of another, a resulting trust arises in favor of the former, or that if one buy as the agent of another, the title, though taken in the name of the agent, yet vests not in him but in liis principal. The defendant in this case is in possession; and proof that the title was not in the deceased, but in herself or some other person, would defeat the action. The evidence is quite conflicting, but it is the province of the jury to decide, and that irrevocably, in such cases oE conflict. If the verdict be without or contrary to evidence, or if there be a great preponderance on the other side, it will be set aside, hut not where there is a conflict, or where evidence in support of the verdict may he contradicted by evidence adverse to it. (Davidson v. Edgar, 5 Tex. R., 492.)
The verdict must clearly appear to he wrong to induce the court to set it aside. (Briscoe v. Bronaugh, 1 Tex. R., 340.) In this case, though there he contradictory evidence, yet there is abundant testimony adduced for its support, and it would he beyond the province of the court to disturb the verdict on til is ground.
There may have been and there was error in excluding the answers of the witness Cook to one of the direct interrogatories. These interrogatories, or the principal portion of them at least, were not leading. They pointed, it is true, to such facts as would direct the attention of the witness to the matters in relation to which his testimony was desired, hut this constituted no objection to the questions, and the answers should have been admitted; but the plaintiffs were not injured by their exclusion. All the material facts in favor of the plaintiffs, stated in the depositions which were excluded, were testified to by tlie witness in answers to other direct interrogatories and to the cross- *232 interrogatories. The error, therefore, could not have misled the jury or influenced their verdict;
Hon 88. — Russell e. Mason, ante, 226.
[463] consequently it forms no ground for the reversal of the judgment.
The plaintiffs, in their motion for a new trial on the ground of newly-discovered evidence, have not brought themselves within the scope of the rule, nor shown the facts on which such motion will be sustained, (vide Watts v. Johnson, 4 Tex. R., 311,) and there is no error in the refusal of the motion on that ground.
Upon the whole, we are of opinion that there was no such error in the proceedings or the judgment as would authorize its reversal, and it is ordered,, therefore, to be affirmed.
Judgment affirmed.