THOMAS T. GAMAGE'S ADM'RS. v. A. TRAWICK AND ANOTHER.

Where the claimant of personal property taken in execution, shows that it was sold and delivered to him before the levy, by the defendant in execution, who professed to act, in making the sale, as the agent or representative of another, he is not bound further to show that the property really belonged to such other person, nor that the defendant in execution had authority to make the sale as such agent or representative.

If the property really belonged to the defendant in execution, the title passed by the sale, although he professed to act for another ; and if the property in fact belonged to another, whom he had no authority to represent, the sale was a conversion of which no person but the principal can complain.

Where the statement of facts showed that a certified copy of a deed was excluded on the ground that it had not been filed among the papers of the case three days previous to trial, it was held that it reasonably appeared therefrom that it was objected to on the ground that it was secondary evidence ; and it was held there was no error.

Error from Cass.   Tried below before the Hon. William S. Todd.

Execution issued November 18th, 1851, on a judgment in favor of Thomas T. Gamage against James D. Willison, recovered on the 20th day of September, 1850 ; came to hand November 18th, 1851, and November 20th, "levied on ten bales of cotton, the property of James D. Willison, in the possession of Charles Jackson, at his gin ;" claim of property and bond to try the right, by Nelson Trawick, one of the firm

of N. Trawick & Co. The cotton was claimed as the property of N. Trawick & Co., a mercantile firm trading at Jefferson, composed of Nelson Trawick and John Hendrick.

The issue was as follows : Claimants alleged that the ten bales of cotton were their property, and in their possession at the time of the levy, and not subject to said execution. They also claimed $125 damages in reconvention.

Plaintiff alleged that the ten bales of cotton levied on by the Sheriff of Cass county are and were liable to be sold to satisfy the execution by virtue of which the said ten bales of cotton were levied on ; and plaintiff says, that if the claimants have or ever had any claim to said ten bales of cotton, the same was received in fraud of plaintiff's rights, and at a time when a lien was existing in favor of plaintiff on said cotton for the satisfaction of his judgment and execution. Plaintiff also denied the allegations of the claimants.

Gamage died ; his widow became a party as administratrix, and afterwards married Charles E. Shelton, who was also made a party. Statement of facts as follows :

The claimants called Thomas Rogers, who being duly sworn testified that in the year 1851, some three or four months previous to the levy in this case made, claimant N. Trawick and James D. Willison was in his office in the town of Jefferson, and that said Willison sold, as guardian of his children, his children's crop of cotton, and was to deliver the same to said Trawick at Wilson's or Jackson's gin, did not recollect which, and believes Trawick paid five hundred dollars in money.

To the above evidence administratrix and administrator excepted : 1st. That no order of Guardian's Court, authorizing said sale or confirmation thereof was produced in proof to the jury.

Cross-examined, said witness testified, that it was in the month of August or September previous to said levy ; said cotton was to be delivered when picked ; some of said cotton was picked out at the time of sale, but it was not all picked out.

James D. Willison on behalf of claimants, testified that in the month of August or September, and previous to the levy, he, said Willison, sold the cotton levied upon by plaintiff to said claimant Trawick ; that said Trawick furnished the bagging and rope for same : that witness sold said cotton to said Trawick, as guardian of his, witness's minor children ; that he delivered it before the said levy was made at Jackson's gin, and received payment for same, and invested said money for the benefit of the said children.

To the above evidence plaintiffs except, for that no order from the County Court pertaining to the estates of guardians and minors is produced in proof to the jury authorizing said sale.

Cross-examined by plaintiffs, says he sold said cotton as guardian of his, said witness' minor children ; does not remember whether or not he got any order from the County Court, pertaining to guardians and minors, to sell same.

Plaintiffs called George Ury, who testified that he, as Sheriff, levied upon ten bales of cotton, claimed by Trawick, as the property of James D. Willison. There were some twenty bales or more pointed out to witness as the property of said Willison, but he only levied upon ten bales of same, as he thought that was sufficient to satisfy said judgment in favor of —— Gamage ; there was no mark on said cotton.

The plaintiffs then offered to introduce the recorded copy of the deed from Willison and his wife to his children, as filed in the office of the County Clerk of Cass county ; (here followed a certified copy of said deed ; it purported to be in consideration of love and affection, and was dated March 12th, 1849 ;) which evidence was overruled, for the reason that no transcript thereof had been filed among the papers of the case for three days previous to the trial.

The defendant then read the judgment in case T. T. Gamage v. Willison, and the note as filed among the papers of said cause. The note was dated January 2, 1849.

The charge of the Court is stated at length in the Opinion ; and the charges refused, also. In the charges as asked, the words " And further," commenced a second paragraph.

Verdict and judgment for claimants. Motion for new trial overruled.

*W. H. Bristow*, for plaintiff in error.

ROBERTS, J. This is a suit for the trial of the right of property under the Statute, to ten bales of cotton levied on by the Sheriff of Cass county as the property of James D. Willison, to satisfy an execution in favor of Thomas Gamage ; the cotton being claimed by Trawick & Hendrick.

The facts show that defendants claim under a purchase from Willison of the crop of cotton, he selling it as his children's crop, to be delivered at Jackson's gin, and that in pursuance of said purchase the cotton was delivered and purchase money paid previous to the levy of the execution.

On the part of plaintiffs it is contended that the cotton was liable to the execution, because,

1st. The cotton belonged to Willison, at the time of the levy, it not having been delivered so as to pass the title.

2nd. If the cotton belonged to Willison's children it was incumbent on claimants to show that fact, and also the right of Willison to sell it as their guardian under an order of the County Court, in both of which they had failed.

3rd. That as to this debt the transfer of the land and negroes which produced this crop by Willison and his wife to his children was fraudulent, the debt being contracted previous to the execution of the deed.

There were a verdict and judgment for the claimants, and a motion for a new trial which was overruled.

The plaintiffs assign as error :

1st. Overruling the motion for new trial.

2nd. Overruling their exceptions to the admission of the testimony of Rogers & Willison.

3rd. Excluding the records of the County Court of Cass, containing a copy of the deed of gift from Willison and wife to his children.

4th. Refusing to charge the jury as requested by plaintiffs below.

Considering the facts established in evidence all the matters involved in these assignments except the last, it will be seen, converge to the single question—In whose possession was the cotton when levied on by the Sheriff—in Willison's or in Trawick & Hendrick's?

That fact is contested in the pleadings, and hence neither party assumes the burthen of proof. The evidence shows that the cotton at the time of the levy was at Jackson's gin. It was shown by the testimony of Thomas Rogers, that a contract was entered into three or four months before the levy between Willison and claimants, for the crop of cotton, to be delivered at Jackson's (or Wilson's) gin. It was shown by the testimony of Willison, that pursuant to the contract of sale this cotton was delivered by him at Jackson's gin for claimants, and the purchase money received by him previous to the levy. All the evidence proceeds on the idea, undisputed, that before the contract of sale, Willison had possession and control of the cotton. This state of the case fully meets the charge of the Court which was, that, "If the jury believe "from the evidence, that the cotton was sold to Trawick, and "delivered before the execution was levied on it, they will "find for the claimant; a delivery to the warehouse-keeper "for the claimant would be a delivery to claimant." This fixes the possession of the cotton in claimants at the time of the levy, if it belonged to Willison originally, as contended for by the plaintiffs. It rested on plaintiffs then to show, not that the claimants held possession by a defective title from Willison's children or any other third person, but that they held possession derived from Willison under such circumstances as to render it Willison's property, so far as this exe-

cution was concerned. The question now arises if the cotton really belonged to Willison originally, as the levy, the pleadings, and the whole suit on the part of plaintiffs, assert, will the fact that Willison professed or assumed to sell the cotton as his children's, defeat the claimants' possession or title? Or in other words, if a person owning property, professes to act as agent of another who does not own it, negotiates a sale, delivers it, and receives the price, is the sale any the less valid because he has no authority or power of attorney from his professed principal to sell his own property?

It is only necessary to review the proceedings on the trial to perceive that it was on this basis mainly, that the plaintiffs litigated this cause.

Both of the witnesses, Rogers and Willison, stated that in making the sale, Willison professed to be acting for his children. The plaintiffs objected to the whole of their evidence, because " no order of guardian's Court authorizing said sale " or confirmation thereof was produced in proof to the jury." The Court did not err in overruling this objection, for if the jury should believe from the evidence, that claimants had possession at the time of the levy, which they well might do, then whether or not they had got it from Willison's children by a legal transfer, was as to this trial an immaterial question.

. Plaintiffs asked the Court to charge the jury " that the ' burden of proof is on the claimant Trawick, and if Trawick ' has failed to prove by legal and competent evidence to the " satisfaction of the jury, that he was the owner of the cotton " levied on, the plaintiff in execution is entitled as against " Trawick to a verdict. And further that if the title to the " cotton is or was in Willison's children, the jury cannot in ' this trial consider of that fact to find a verdict for Trawick, " unless they further find that Trawick became the owner of " said cotton by purchase from the guardian, in the manner " prescribed by Statute." The Court did not err in refusing this charge ; because it presupposes a fact which the Court

had no right to take for granted, to wit, that the cotton was not in Trawick and Hendrick's possession at the time of the levy.

The plaintiffs offered in evidence the recorded copy of the deed from Willison and his wife to his children, as filed in the office of the County Clerk of Cass County. The deed itself, after being proved, would have been proper evidence for plaintiffs to establish in connection with other testimony that for this debt, being older than the deed, the cotton was liable. The evidence offered was secondary. It reasonably appears from the record, though not by express statement, that it was objected to on that ground. The record states " that it was overruled for the reason that no transcript " thereof had been filed among the papers of the case for three " days previous to the trial." A similar reference to an exception in the record has been held sufficient to authorize this Court to entertain it. (Cheatham v. Riddle, 8 Tex. R. 166.) Such exception being taken the Court was bound to sustain it. (Hart. Dig. Art. 745.)

The motion for a new trial embraced one other ground not yet considered : that the verdict is contrary to the law and evidence.

The leading facts in evidence have already been stated ; the contract of sale of the crop of cotton was made, it was to be delivered at Jackson's gin when picked, it was so delivered and Willison received the price of it before the levy. In all this Willison professed to act for his children, and, as he stated, applied the proceeds thereof to their use. There is no evidence that anything remained to be done with the cotton ; the terms of the contract, so far as they have been developed, had been fulfilled, and the possession and title had passed to claimants, if the cotton originally belonged to Willison. (Story on Sales, Sec. 298.) If the cotton belonged to his children he had converted it by the sale ; of which no one but the children could complain, so as to defeat claimants'

right. These facts were established mainly by the evidence of Willison himself; and the jury, if they credited his statements, might well find the verdict which they did, in accordance with the law of the case. This Court, therefore, cannot say that the Court below erred in overruling the motion for a new trial.

The verdict must clearly appear to be wrong, to induce this Court to set it aside. (Long. v. Steiger, 8 Tex. R. 462.)

Judgment affirmed.