### E. B. GEORGE v. J. E. LEMON.

Where a plea of justification in an action of slander, for charging the plaintiff with stealing corn, alleged the dates and values in blank, the Court said that if exception to the plea had been taken specially on that ground, the Court should have sustained the exception ; but it was held a general exception was properly overruled.

Where the actionable words are, that the plaintiff stole corn, the failure of a plea of justification to state the value of the corn, which it is alleged the plaintiff stole, is not a defect in matter of substance, which is reached by a general exception to the plea.

Appeal from Wood. Tried below before the Hon. William W. Morris.

The facts are stated in the Opinion.

*C. C. Galloway*, for appellant.

*Turner & Banks*, for appellee.

ROBERTS, J. This is an action of slander, brought by appellant against appellee, in which defendant Lemon obtained a verdict on his plea of justification.

The errors complained of are,

1st. That the plea is insufficient ; and,

2nd. That the evidence does not support it.

The slanderous words charged in the petition are, " You stole corn, and I can prove it by George W. Haines and old man Hobbs."

The plea states that " the said plaintiff, before the speaking and publishing of the said several words of and concerning said plaintiff, as in said petition mentioned, to-wit : on the            day of            at, to-wit, in the county of Wood, did feloniously steal, take and carry away certain goods and chattels, to-wit, corn, the property of Patton, of great value, to-wit, of the value of            dollars ; and corn, the property of Nathan Jones, of great value, to-wit, of the value of            dollars ; and fodder, the property of Ambrose Fitzgerald, of great value, to-wit, of the value of            dollars ; therefore he the said defendant afterwards, at the time and place in said petition mentioned, did speak and publish the said words of and concerning the said plaintiff as in the said petition mentioned," &c.

The plaintiff filed a general exception, and a special exception as to the allegation about " fodder," which was sustained so far as the plea charges the stealing of fodder, and overruled as to the balance. Had the defendant pointed out specially the want of dates and values in the plea, the Court should have required an amendment or ruled the whole plea to be bad. This not being done, it was not error to overrule the exception so far as it was overruled. (Warner v. Bailey, 7 Tex. R. 517.) The plea alleges the stealing of corn as charged, before the speaking of the words ; and the particular time of

the stealing is not a matter of substance, but upon special exception should be required to be stated, so as to enable the defendant to know what particular transaction he had to meet. The want of an averment as to the value of the corn might, at first view, seem to be more material. It must be considered that to make the words spoken actionable, which must be judged of by the Court, it is necessarily implied that corn is of some value ; and if that implication arises upon the words charged in the petition, it should equally so arise on the same words set forth in the plea,—the one being just as specific and comprehensive as the other.

Next as to the sufficiency of the evidence given under the plea. It appeared on the trial, that defendant was found on two occasions inside of and about Dr. Patton's stable, where Patton's corn was kept ; that he took corn from the stable in a basket, and that Patton had not given him leave to do so. The circumstances explanatory of the taking are not of that forcible character to enable a Court to control the verdict of the jury. They are consistent with his innocence, and not inconsistent with his guilt. The fact that he, after it was found that he had taken the corn, settled for it, and that he and Patton afterwards got corn from each other, and the fact that he asked the witness, whom he found at the stable, to borrow corn, and as to which lot of corn belonged to Patton, does not necessarily rebut a felonious intent in taking it. They might have been regarded as more cogent, had his character been shown to be above suspicion, and had his circumstances negatived any motive to so contemptible an act. Unfortunately for plaintiff, " the defendant adduced proof tending to show that plaintiff was suspected to be a dishonest man in the community in which he lived." And although it appears that plaintiff adduced proof " tending to show that he was respected as an honest man in said community," that could not debar the jury from disregarding the explanatory circumstances. The very fact that a question of conflict in the testimony as to his

honesty was made, precludes the Court from contradicting the conclusion of the jury upon a subject which is so fitly within their province.

The plaintiff now complains that evidence of character was permitted by the Court, as well as evidence of the stealing of fodder ;—which, it is contended, determined the case against him.   The positions assumed are, that in a suit to recover for an injury to his character, it was improper to show that he had none, and that having complained of being accused of stealing corn, it was improper to prove that he had stolen fodder.

If the evidence now objected to was all the evidence in the case to sustain the verdict, the objection might even now be made, as there was a motion for a new trial overruled.   But there being other evidence tending to support the verdict, the objection comes too late, so far as it would be entertained at all.   For there was no objection to the evidence on the trial, nor does it appear under what circumstances it was admitted. (Leach v. Millard, 9 Tex. R. 551.)

This Court cannot say from the case presented, that the verdict was wrong ; and there being no error of law, it must stand.

Judgment affirmed.