## George Thompson v. The State.

1. Indictment for murder charged that the fatal wounds were inflicted in the " breast, side, and loins " of the deceased. *Held*, that the indictment was sufficient, notwithstanding the omission to state in what particular part of side, breast, or loins the wounds were inflicted.

2. Indictment for murder charged that the accused did " feloniously and of " his malice aforethought " kill and murder, but nowhere employs the statutory word " unlawfully " in charging the killing. *Held* good, on motion in arrest of judgment.

3. The jury are the exclusive judges of the credibility of witnesses, and of the truthfulness or falsity of their statements.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

The defendant was indicted by the grand jury of Bastrop county for the murder of William Ward, and the venue changed to Travis county.

The indictment charged that the defendant and one M. T. Walters, and three other persons unknown to the grand jurors, late of said county, with force and arms in said county and State, on the 2d day of March, 1871, did then and there willfully, feloniously, and of their malice aforethought, in and upon the body of William Ward, a reasonable creature in being, make an assault, and that they, the said M. T. Walters and George Thompson and said three unknown persons, certain six-shooting pistols then and there charged with gunpowder and leaden balls, and then and there held in their hands, did then and there feloniously and of their malice aforethought shoot off and discharge to, at, and against the body of him, the said William Ward, and with the leaden balls so shot off and discharged as aforesaid by force of the gunpowder aforesaid, by them, the said Walter and the said Thompson and the said unknown persons, did then and there feloniously and with their malice aforethought, assault, strike, penetrate, and wound him, the said Ward, in the breast, side, and loins of him, the said Ward, giving to him, the said Ward, then and there, six mortal wounds of the width of one inch and of the depth of six inches each, of which said mortal wounds so inflicted aforesaid by them, the said Thompson and the said Walters and the said unknown persons, he, the said Ward, then and there, instantly died, and so the grand jurors aforesaid upon their oaths aforesaid do say and present that the said Thompson and the said Walters and the said unknown persons, in the form and by the means aforesaid, on the day and year aforesaid, in the county and State aforesaid, then and there feloniously and of their malice aforethought, him, the said William Ward, did kill and murder, contrary to law and against the peace and dignity of the State.

On the trial of the case the defendant was convicted of mur-

der in the second degree, and confinement in the penitentiary for ten years was assessed as his punishment. Defendant moved for a new trial on the grounds of newly-discovered evidence, and the error of the court in informing the jury verbally in open court that they could find the defendant guilty of murder in the second degree, after the charge of the court had been given them and before they had returned a verdict.

The motion for a new trial being overruled, defendant moved in arrest of judgment, because the indictment did not charge that the defendant unlawfully made an assault upon William Ward ; because the indictment did not charge that the defendant did unlawfully kill and murder the said Ward ; because the indictment did not charge that the defendant did willfully kill and murder the said Ward.

The motion in arrest of judgment was overruled, and defendant gave notice of appeal.

*Jones & Sayers*, for the appellant. The seventh assignment of errors raises the question as to the sufficiency of the indictment. In the consideration of this feature of the case, it will be necessary to institute a comparison between the bill of indictment and the statute under which it was found. (Article 2266, Criminal Code, Paschal's Digest.) The statute, it will be observed, uses the word " unlawfully, " and also the phrase " malice aforethought. " As it would not be proper to charge the Legislature with the grammatical impropriety of tautological expressions, it cannot be well maintained that it was intended that the word and the phrase above quoted should be considered as synonymous in meaning. Representing, as they most certainly do, prominent ideas in the statutory definition of " murder, " they, undoubtedly, have not only a different signification, but become " terms of art "—thereby creating a necessity for their use in every properly drawn indictment for murder. The pleader has wholly failed to employ the word " unlawfully," in framing the indictment, which, for that reason, is fatally defective. But it may be contended that,

being drawn under the form prescribed by the common law, the indictment will support a conviction. To this we reply, that, viewed in that light, the indictment is bad, in not charging the appellant with "willfully" committing the assault and killing. That the omission of the word "willfully" is fatal, see Archbold's Criminal Pleading, Vol. II., 213–1.

It will be remembered that, as if to provide against any confusion of the different degrees of homicide, the statute, in Article 2267 of our criminal code (Paschal's Digest), makes a further distinction. Now, is not the defendant entitled to full and explicit information as to the degree of the offense to which he is called to answer? It will not do to say that the word "feloniously" sufficiently indicates the gravity of the offense, because manslaughter is no less a felony than murder. Nor that the term "malice aforethought" covers the idea, for it only represents the intention (Beauchamp v. State, 6 Blackf., 300), and the intention is an essential requisite in every grade of killing. We, therefore, respectfully submit that, inasmuch as the indictment lacks that sufficiency and particularity necessary to advise the appellant of the charge which he was to meet, it is bad, and should have been so held by the court below.

But, further, the indictment does not show in what part of the body, and in which side and breast, the wounds were inflicted, nor in which hand the weapon was held. (2 Hale, 185; Archbold's Criminal Pleadings, 384, 405.) These objections may appear somewhat technical, but are none the less deserving of consideration. Surely, it cannot be considered an over refinement in criminal pleading, to require the State to put forth her accusation in such form and language as to fully apprise the defendant of the exact crime with which he stands charged, that he may be enabled to make good his defense.

*W. P. Bacon*, also for the appellant.

*William Alexander, Attorney-General*, for the State. The motion in arrest of judgment sets up substantially three objec-

tions to the indictment; that it does not charge the assault and the killing to have been done *unlawfully*—that it does not charge the killing to have been done *willfully*—and, that it does not charge the defendant *individually* with assaulting and killing, but charges defendant, M. T. Walters, and three unknown persons did so.

Dismissing the last as having in it little or no merit, it may be said in reply to the two first, that, " one object which the "Legislature sought to attain in the adoption of the Code was " to dispense with mere formalities, useless verbiage, and per- " plexing circumlocutions in the definition of offenses, and in " all the proceedings of the court in the administration of the " criminal law." " We think that the whole spirit of the Codes " authorizes the court to dispense with what the books call " ' terms of art ' in the description of offenses in indictments, " and also in every part of the indictment; and that even so " distinguished a word as ' feloniously ' " (and the learned judge might have added, the equally distinguished words ' unlawfully ' and ' willfully ') " is no longer to be considered as a *sine qua* " *non* in the administration of justice in this State." (Calvin *v.* State, 25 Texas Rep., 793.)

The question is not, whether this, that, or the other word (even though a statutory word) is found in the indictment, for " it is not in general necessary, in an indictment for a statuta- " ble offense, to follow the exact words of the statute, substan- " tial accuracy is sufficient " (Drummond *v.* Republic, 2 Texas Rep., 157); but, do the words used describe the offense created by the statute ?

It is not necessary to adduce authority for the position, that it is not necessary to state in an indictment anything which it is not necessary to prove; and certainly it is not necessary to allege or prove anything of a negative character.

Tested by these rules, the indictment under consideration must be considered sufficient. It charges that the defendants " willfully, feloniously, and of their malice aforethought, did " make an assault," etc. An assault is defined in the Code to

be the attempt to use *unlawful* violence. Is not then this murder, commencing in assault, charged to have been *unlaw-fully* committed, when charged also to have been done willfully, feloniously and with malice aforethought?

And is it necessary, by the express use of the word "unlaw-fully," to negative the defense that the killing was lawful, any more than to negative any other possible defense? And would it be necessary for the State to prove the killing not to be law-ful, or should the defendant prove it to be lawful? And if the State proves the killing, must she go on to prove that the slayer was not, for instance, a sheriff, and did not, in the execution of his office, lawfully kill the deceased? And if it is not proved, need it be alleged?

Again, the indictment alleges that the parties "then and "there feloniously and of their malice aforethought him, the "said W. W., did kill and murder *contrary to law*, and against "the peace and dignity of the State."

As the word "willfully" is not found in the statutory defini-tion of murder, it is hardly necessary to add anything on that point.

OGDEN, J. The record in this case presents evidence of a peculiar practice, which we are surprised to learn has been re-sorted to in our courts of justice when important and grave questions of vital interest to the people are being determined. Surely such practice is not calculated to aid in the investigation of truth, or to forward the ends of justice. But we forbear comment further than may be necessary to decide the questions presented by the appeal.

We think the exceptions taken to the indictment not well founded, and that the court did not err in overruling the same. We have examined the statement of facts with great care, and are not prepared to say that there was not sufficient evidence, if true, to warrant the verdict, and the jury should be the exclu-sive judges of the credibility of witnesses, and truthfulness or falsity of their statements.

We think the court did not err in refusing a new trial for the reasons set out in the motion ; and finally, we have been unable to discover any error in the rulings of the court, which would induce us to believe that the appellant had not had a fair and impartial trial, and certainly the verdict of the jury was as favorable to the defendant as he had a right to expect under the testimony.

The judgment of the District Court is therefore affirmed.

Affirmed.