C. M. FOWLER v. J. E. CHAPMAN.

(No. 1463, Op. Book No. 2, p. 157.)

APPEAL from Grayson County. Opinion by WALKER, R. S., P. J.

§ **963.** *Illegal contract; money won at gaming; notice of illegality to purchaser of illegal check; general reputation admissible in evidence, when.* Chapman drew a check upon a bank, payable to one Thurmond or bearer, for $200. On the next day after the check was delivered to Thurmond, it was transferred by Thurmond to Fowler,

and the bank having refused to pay it, Fowler brought suit against Chapman upon the check. Chapman pleaded in defense that the consideration of the check was illegal; that it was given for an amount which Thurmond had won from him in a game with cards, and that Fowler had notice of the illegality of the check at the time he received it from Thurmond. The county court rendered judgment for the defendant Chapman. On the trial, the defendant Chapman was permitted, over the objections of the plaintiff, to prove that Thurmond was a gambler, and that his general reputation was that he was a gambler. *Held*, that there was no error in admitting this evidence. If it had been an objective fact to be established, that Thurman was a gambler, it would not have been competent to prove that fact by reputation. But such evidence was admissible as tending to prove that Fowler, when he obtained the check from Thurmond, had notice of the illegality thereof. There was, in this case, an issue which involved the inquiry as to the intention — the good or bad faith of Fowler in acquiring the check; and facts and proximate circumstances from which his intention, or good or bad faith, might be judged of, would be admissible evidence; and if the general knowledge of the community of a fact is a circumstance from which to infer that a party in a suit might also have known of its existence, if the issue to be determined underlies the ascertainment of whether he did in fact know it, or could not reasonably be supposed to have been ignorant of it, then evidence to prove the existence of such general reputation is admissible, as tending to establish that such party did have knowledge of the fact, and such evidence for this purpose is regarded as original and substantive, and not hearsay. [Whart. Ev. § 253; 3 Gray, 594; 4 Gray, 111; id. 574; 5 Port. 382; 12 Mich. 241.]

§ **964.** *Pleading; objections to form of, must be by exceptions, and not by objections to evidence.* Objections to the form in which a defense is presented must be taken and disposed of by exception, and cannot be made

on the trial to the admission of evidence to sustain the defense. [Gaines v. Salmon, 16 Tex. 311.]

§ 965. *Evidence; objections to, should be made when.* If a proper ground for the admission of evidence is not laid in the pleadings, objections to its introduction should be made when it is offered. No objection being then made, a party will not be entitled to new trial upon the ground that its admission operated a surprise upon him. [Bailey v. Hicks, 16 Tex. 222 ]

§ 966. *Illegal contract; burden of proof.* The rule applicable to transferees of negotiable instruments before their maturity, which have originated in fraud or illegality, is that when the vice is shown by the defendant to exist in the instrument, the burden of proof devolves upon the holder to show that he is a *bona fide* holder for value, and without notice of the fraud or illegality.

§ 967. *Decision of judge upon facts; admission of incompetent evidence will not reverse judgment, when, etc.* The decision of the judge upon the facts as well as the law, where the parties waive a trial by jury, is entitled to the same presumptions in its favor as the verdict of a jury [Gilliard v. Chessney, 13 Tex. 337]; and a judgment rendered on proper evidence will not be reversed because the judge to whom the cause was submitted heard incompetent evidence. [Beaty v. Whitaker, 23 Tex. 526.]

§ 968. *Reversal of judgment upon the facts; rule as to.* To authorize the reversal of a judgment because rendered against the evidence in the case, the judgment must appear to be clearly wrong. It is not sufficient that the evidence might appear to the minds of the appellate court inconclusive or unsatisfactory, or that it preponderated the other way. If the judgment is supported by evidence which reasonably establishes the issue, it cannot be said to be clearly wrong. [Stroud v. Springfield, 28 Tex. 649; Tuttle v. Turner, id. 759; Davidson v. Edgar, 5 Tex. 492; Linney v. Peloquin, 35 Tex. 29.] If the judgment is unsupported by, or is contrary to, the evidence,

it would be good ground for reversal. [Aspley v. Thomas, 17 Tex. 221; Taylor v. Ashley, 15 Tex. 50; Murphy v. Crain, 12 Tex. 297.]

May 29, 1880.                                    Affirmed.