LOUIS SULZBACHER v. W. J. WILKINSON.

(No. 1055, Op. Book No. 2, p. 203.)

APPEAL from Menard County.   Opinion by WALKER, R. S., P. J.

§ 994. *Contract; attorney's fees; where performance is prevented by party.*   Appellant sued appellee for the value of services rendered as an attorney at law, at the request and under employment of appellee.   The contest appears to have narrowed down to a single question, which was, whether or not the contract, being a conditional one, and the condition upon which the appellee's liability depended not having transpired, the appellant could recover anything.   It appears that appellee was a creditor of one Keith; that Keith died, and appellee went to appellant for advice as to the course to pursue to enable him to collect his debt out of the estate, and appellant advised him to administer upon the estate of Keith, and appellee then employed appellant to prepare the necessary papers, and take the necessary legal steps to obtain such administration, for which services appellant was to receive $100 out of the estate, if the administration was obtained, but oth-

erwise nothing. Appellant performed the services he was employed to perform, but appellee abandoned his purpose of obtaining the administration, and adopted another course to collect his debt.

The court says: "The plaintiff sues for the value of certain specified services, which he alleges were rendered to the defendant at his request. There is an entire concurrence in the testimony of both of the parties to the suit that certain of the alleged services were thus rendered as stated by the plaintiff. A consequent liability of the defendant arises, therefore, to pay the plaintiff the reasonable value thereof, unless he shows a valid reason to vary such a result. The fair and reasonable interpretation of the defense set up by the defendant's answer, to the effect that the defendant should be liable to pay the plaintiff for his services only upon the condition that the defendant procured the administration of Keith's estate, is that the defendant also undertook to so procure it, and failing to attempt so to do, to pay to the plaintiff the value of the services rendered by him. The contract relied upon by the defendant was a conditional one, in construing which no particular words are necessary to constitute a condition precedent or condition subsequent; and if there be any question on this point, it must be determined by the intention of the parties as manifested by the circumstances of the particular case. For not only may the exact terms of a condition be modified so as to harmonize them with the evident intention of the parties, but when no condition is expressed it may be implied from the facts of the case. [Story on Con. § 29.] The circumstances attending the alleged contract set up by the defendant show that he was about to institute legal proceedings for the collection of a large debt, and sought for that purpose to obtain the legal advice and the necessary services otherwise of an attorney at law to effect his purpose. They also show that he engaged the plaintiff as such attorney, and that the plaintiff prepared the papers for and gave advice to proceed by administration on the

estate of Keith; that the defendant accepted such advice and services thus rendered as a proper and satisfactory mode of proceeding to collect his debt, and thereby he must be deemed to have assented and promised to adopt the advice given him thus to administer upon said estate. His acquiescence implied an obligation on his part to make the necessary application for the letters, and to do all needful things to procure the administration, or, in default thereof, to pay the value of the advice which had been given and the services which had been rendered on the faith of his request and acquiescence in the mode proposed by the plaintiff to collect the defendant's debt. It is shown, however, that he voluntarily abandoned the advice given, and did not use the papers which had been prepared for him by the plaintiff, but selected a different course altogether to secure his debt. If the plaintiff had undertaken to collect the debt for a commission, or for a gross stipulated amount to be paid him, he would have been entitled to the benefit of his contract if the defendant had, by his own fault, prevented the plaintiff from making the collection; for if entire performance, according to the express agreement, be rendered impossible through the fault of either party, the party in fault will be liable on a *quantum meruit* or other action on the case, the compensation being graduated as far as possible by the express terms of the contract. [Story on Con. § 15.]

§ 995. *Verdict contrary to, or unsupported by, evidence.* Where it is not a case of conflict, but entire deficiency of evidence, a new trial ought to be granted. [Moore v. Anderson, 30 Tex. 224; Rowe v. Collier, 25 Tex. Sup. 252.] When a verdict is contrary to evidence, or without evidence to support it, and a new trial has been asked and refused, the cause will be sent back for a new trial. [Davidson v. Edgar, 5 Tex. 492.] In this case the verdict was for the defendant, and was held to be contrary to the evidence and the law, and the judgment was reversed and cause remanded.

February 23, 1881.              Reversed and remanded.