LICHTENSTEIN BROS. & CO. V. LOEWNSTEIN & ELIAS.

(No. 911.)

COMPOSITION WITH CREDITORS.— Avoidance of agreement; representations of debtor.

NEW TRIAL, not granted when.

APPEAL from Galveston county. Opinion by WALKER, J.

STATEMENT.— This suit was brought by appellants, who reside in New York city, against appellees, who reside in

Galveston, Texas, June 22, 1875, on four promissory notes aggregating $2,634.55, subject to a credit of $790.36, and an attachment was run on nine casks of merchandise alleged to have been secreted in Houston, Texas, by appellee. Appellees answer that on the 18th of June, 1875, they had fully paid and satisfied the notes sued on, and had obtained from appellants a receipt in full of said notes, and they plead in reconvention for damages, $20,000.

Plaintiffs amend their petition, and replying to the plea of defendants allege that they did compromise with defendants on the day mentioned in said plea, at thirty cents on the dollar, and gave defendants a receipt in full for the debt, and an order for the notes, but that they were induced to do so by false and fraudulent representations of defendants at the time the settlement was made, and which they found out after the settlement; and allege in said amendment the details of the settlement and of the fraud practiced upon them by appellees.

The appellees' motion to quash the attachment and their demurrer being overruled, the parties went to trial on the issue made by the pleading, and the verdict and judgment were for the appellees. Plaintiffs appeal and assign as error, verdict contrary to evidence, and that court erred in not granting a new trial on their motion for one.

OPINION.— It is clear that the verdict of the jury is not contrary to the evidence, if the statements of the witnesses are to be credited, and besides, to entitle the plaintiffs to avoid their agreement of compromise at thirty cents on the dollar, it was necessary to show that their agent should have relied on the truth of the defendants' representations concerning the facts on which the compromise was based, and that his action in accepting the offer of thirty cents was induced by such reliance, and the credibility of said agent's testimony on the whole subject was the proper subject of the jury's consideration, and we are unable to say, if they did not believe his evidence, that the verdict is wrong. It is not sufficient that the judgment does not clearly appear

to be right; it must clearly appear to be wrong to author-ize the appellate court to set it aside. 51 Tex., 289; 1 Tex., 340; 8 Tex., 331. In cases of disputed facts, and particu-larly where the issue is one of alleged fraud, the judgment will not be disturbed unless for some manifest error of law. Mathis v. Oberthier, 50 Tex., 330.

The court has repeatedly held that a judgment will not be interfered with on appeal unless the court is able to say that the evidence does not support it. Jordan v. Brophy, 41 Tex., 284; Bailey v. White, 13 Tex., 118; Gilliard v. Chessney, 13 Tex., 337; McFarland v. Hall, 17 Tex., 690. Where there is evidence sufficient to support the verdict, a new trial, in case of conflicting testimony, will not be granted. Russell v. Mason, 8 Tex., 226, and Davidson v. Edgar, 5 Tex., 492.

The supreme court will not grant a new trial merely be-cause the weight of evidence preponderates against the verdict. Mitchell v. Matson, 7 Tex., 3. That the evidence is not satisfactory to the court is not sufficient, but it must clearly appear that it is wrong to authorize a reversal on that ground. Wells v. Barnett, 7 Tex., 584; Long v. Stei-ger, 8 Tex., 460; Briscoe v. Bronaugh, 1 Tex., 326; Gam-age v. Trawick, 19 Tex., 64. See, also, George v. Lemon, 19 Tex., 152; Cummins v. Rice, 19 Tex., 226. When a question of fact has been fairly submitted to a jury on con-flicting evidence, the supreme court will not disturb a judg-ment rendered in accordance with the verdict, although the evidence would have warranted a verdict on either side. Montgomery v. Culton, 23 Tex., 156. Also, Anderson v. Anderson, 23 Tex., 639.

A careful consideration of all the evidence in the case refutes the assumption of the appellants' first assignment of error, and which is urged in brief of their counsel, to the effect that the evidence adduced by the plaintiff does not materially conflict with the defendants' evidence in respect to the question of alleged fraudulent representation. Judg-ment is affirmed.