G., C. & S. F. R'y Co. v. E. W. HOLT.

(No. 1458, Op. Book No. 2, p. 742.)

APPEAL from Johnson County. Opinion by WILLSON, J.

1 w 477
§ 835
61 664
2 w 370
2 w 601
3 w 73
3 w 75
3 w 153
3 w 166

§ 835. *Verbal charge; must be presented by bill of ex-ception; statute requiring written charge directory, etc.* Appellee brought suit in justice's court against appellant to recover $200 damages for the burning of his granary, etc., claiming that the burning was caused by sparks of fire emitted from one of appellant's engines while passing along its line of road, the granary being situated about fifty yards from said road. No question was made as to the ownership or value of the property destroyed. Appellee recovered judgment in the justice's court for the full amount of his claim, and on appeal to the county court by appellant, appellee recovered judgment for the same amount, and from this latter judgment appellant prosecutes this appeal. It is assigned as error that upon the trial the judge charged the jury verbally. There is no bill of exception in the record presenting this action of the court, and it is not, therefore, subject to revision. But if the question were properly presented, it would not be sufficient cause for reversing the judgment, unless it was clearly shown that material injury had resulted to appellant in consequence of such verbal instructions. It has been repeatedly held that article 1317, Revised Statutes, requiring the charge of the court to be in writing, is merely directory, and a violation of it is not such error of itself as will set aside a judgment. [R. R. Co. v. Dunlavy, 56 Tex. 256; Toby v. Heidenheimer, *ante,* p. 439.]

§ 836. *Burning; proof of may be made by circumstan-tial evidence; evidence which was held sufficient to support verdict.* It being conceded by appellant that appellee proved his ownership of the property destroyed, and that its value was equal to the amount of the judgment he obtained, the first controverted question in the case is,

was the burning of the property caused by fire emitted from appellant's engine? All the evidence bearing upon this point is circumstantial. It is competent, however, to prove this fact by circumstantial evidence, as it is to prove any other fact by this character of evidence. [Sheldon v. R. R. Co. 14 N. Y. Ct. App. 218; Pierce on Railroads, 437.] In this case, the proof is that the granary was destroyed by fire at about twelve o'clock at night. It was situated about fifty yards from the railroad track. About ten o'clock that night a passenger train passed along the road. No other train passed that night that could have communicated the fire. At the time of the passing of this train a strong wind was blowing in the direction of the granary from the direction of the train. Some nights after the fire, other passing engines were observed on several occasions to throw sparks of fire to a distance sufficient to reach the place where the granary had stood. No other cause for the fire existed save the probable one that it was caused by sparks of fire from the engine which passed about ten o'clock that night. On the other hand, it was proved that the night on which the fire occurred was a damp one; that it was misting, but not raining, and that the engine which passed at about ten o'clock was burning coal, and was supplied with the most approved appliances for preventing the escape of fire; was carefully and skilfully managed, and that no fire escaped from it. This was substantially the testimony upon the issue as to whether or not the burning was caused by fire from the company's engine, and the evidence being conflicting, it was the exclusive province of the jury to pass upon its credibility and its weight, and there being sufficient evidence to support the verdict of the jury in this respect, this court will not disturb it.

§ 837. *Burden of proof is upon plaintiff to show that the fire was caused by the negligence of the defendant.* It is contended by appellee that having proved that the fire originated from appellant's engine, his case was made

out, and that it was not incumbent upon him to prove further that the fire was the result of negligence on the part of appellant or its employees. While this position is maintained by the decisions of the higher courts in some of the states, we believe the great weight of American authority is against it. Mr. Pierce, in his work on Railroads, upon this subject says: "As negligence is the gist of the action against the company for injuries received from it while exercising its lawful right to conduct its trains, the burden of proof is on the plaintiff to prove the negligence. The fact of injury suffered by the plaintiff in consequence of the exercise of a right by the defendant does not raise the presumption of negligence, except in some peculiar cases, as in actions against inn-keepers and common carriers, which are made exceptions to the general rule on the ground of public policy. Hence, the setting on fire of grass, fences or buildings of land owners on the railroad by particles of fire which are proved to have issued from the company's engines, does not of itself justify the inference of negligence." [Pierce on Railroads, p. 437, and cases there cited.] This statement of the law is also concurred in by other elementary authors, and is supported by numerous decisions. [1 Redfield on Railways (3d ed.), p. 454; 1 Whart. on Ev. § 360; 1 Thompson on Neg. p. 152, § 8.]

§ 838. *Negligence; competent and sufficient proof of.* But while the burden of proving the negligence of the company rests upon the plaintiff, it is said that in view of the fact that the tests for determining the adequacy of the company's engines and appointments of the road are almost exclusively in the power of the company, very slight proof of negligence offered by the plaintiff is sufficient to throw the burden of exculpation upon the company. [Wharton on Neg. § 871; 1 Whart. on Ev. § 360.] This negligence may also be shown by circumstantial evidence, and direct proof of a particular act of negligence is not required. [Pierce on Railroads, p. 438.] "Evidence that the company's engines at other times, before or after

the fire in question, threw sparks as far from the track as the place where the fire began, and that they set other fires, is admitted to show both the possibility that it set the fire in question and as proof of negligence." [Pierce on Railroads, 439; 60 Mo. 227; 80 Penn. St. 182; 79 Penn. St. 405; 91 U. S. (1 Otto) 454; 14 N. Y. 221; 29 N. Y. 544; 32 N. Y. 339; 49 N. Y. 424; 9 Nevada, 271; 50 Cal. 176; 30 Iowa, 422; 23 Penn. 373; 1 Thompson on Neg. 153.] In this case, according to the authorities we have cited, the evidence is sufficient to establish *prima facie* negligence on the part of the company, and without further evidence than was adduced by the plaintiff, he was entitled to recover. This *prima facie* case threw upon the defendant the burden of exculpating itself from the charge of negligence, by proving to the satisfaction of the jury that in fact there was no negligence. Proof was adduced by the defendant contradicting negligence, and, being adduced, conflicted with the *prima facie* case made by the plaintiff. Hence arose a conflict of evidence upon this issue, which was properly submitted to the jury to determine.

§ **839.** *Conflict of testimony; province and duty of jury in case of; verdict upon, will not be disturbed, etc.* It is the duty of a jury to reconcile a conflict of testimony, if possible; otherwise to give credit to that portion of the evidence which in their opinion is best entitled to it. They are the sole judges of the credibility of the witnesses, and it is their peculiar province to weigh the evidence when it is conflicting. [O'Connor v. Van Homme, Dallam, 429; Thompson v. The State, 36 Tex. 326; Coats v. Elliott, 23 Tex. 606; Chevallier v. Denson, 8 Tex. 439; Jones v. McCoy, 3 Tex. 349; Hall v. Hodge, 2 Tex. 323; Legg v. McNeill, id. 428; Perry v. Robinson, id. 490; Davidson v. Edgar, 5 Tex. 492; Floyd v. Rice, 28 Tex. 341; Self v. King, 28 Tex. 552; Ins. Co. v. Burnett, 29 Tex. 433; Briscoe v. Bronaugh, 1 Tex. 326.] Mr. Pierce, in his work on Railroads, says that "the verdict will be set aside when clearly against the weight of evidence,

but not merely because it is against the preponderance. It will be set aside where the jury found against the uncontradicted evidence in the case." [Pierce on Railroads, 441.] Such, however, is not the practice in this state, as we understand it from the decisions of our supreme court and of this court. If there be evidence both ways, that is, a conflict of evidence, although that conflict arise from circumstantial evidence on the one hand and direct evidence on the other, the jury are the exclusive judges of the evidence, and their verdict will not be disturbed if there be any evidence to support it. To justify this court in setting aside a verdict, it must clearly appear that it is without any evidence to support it, or that it is manifestly contrary to the evidence. [Wells v. Burnett, 7 Tex. 584.] In this case we cannot say that the verdict of the jury is without evidence to support it, nor that it is contrary to the evidence, and whatever might be our opinion as to the preponderance of the evidence, it would be an invasion of the province of the jury for us to disturb their finding.

February 28, 1883.                    Affirmed.