FLY, C. J.
 

 This is an action of trespass to try title to 13 tracts or parcels of land situated in Duval county, consisting in the aggregate of about 3,400 acres and certain town lots in Benavides, instituted by appellant against appellee. Upon the request of appellant the cause was submitted to the jury on special issues, and upon the responses thereto judgment was rendered that appellant recover nothing by his suit and in favor of appellee for all the lands sued for, title to which she had pleaded in her answer to the petition.
 

 The evidence discloses that 30 years or more ago the wife of Jose Vaello, a small merchant in Rosita, Tex., died, leaving him an infant son, the present appellant; that he induced a crippled sister in Spain, the present appellee, to come to him in 1887 and see to his household and child. Misfortune, however, overtook Jose Vaello, who had removed his business to Benavides, and his ■stock of goods was taken in 1894 to satisfy his creditors. Afterwards a mercantile business was opened up in the name of Maria Vaello Rodriguez, who claimed it as her own, but which was conducted by Jose Vaello. The uneontroverted evidence showed that the merchandise necessary for opening the business was procured upon promissory notes given by appellee which were paid off when due from the profits of the business. After-wards the land in controversy was bought and paid for by checks drawn by appellee on bank deposits held by her. The business was run in her name until 1905 or 1906, when it was changed to Jose Vaello. He died in 1907, and appellant took charge of the mercantile business. The land in controversy was all conveyed to appellee and was always claimed by her. She paid the taxes, and when her brother died and appellant made an inventory of the property of the estate the lands in controversy were omitted from such inventory. Appellant rented the lands in the name of appellee, paid the rents to her, and charged the taxes to her. Everything was peaceful and harmonious between them until appellant denied her right to any interest in the merchandise, when peaceful relations were ended, and appellant instituted this suit. If Jose Vaello paid anything on the merchandise or the lands, the evidence did not disclose it. There was no evidence of an express trust — that is, one by contract — having ever been created, and the only possible trust that could arise would be a resulting trust which arises from one party furnishing money to buy property which is transferred or conveyed to the other party. It is the outcome of acts, and not of contract.
 

 No resulting trust can be created without proof of the payment of the purchase money when the property is secured. It is the contention of appellant that appellee had no money to buy goods or land, but neither, on the other hand, had Jose Vaello, unless he had acted fraudulently in withholding funds from his creditors when he failed and desired to cover such fraud by using the name of appellee. We will not indulge in such presumption, but would rather believe
 
 *1084
 
 that gratitude found a lodging place in the heart of Jose Vaello, and, desiring to reward his unfortunate sister for her love, devotion, and unceasing care for his motherless son, he sought to repay such devotion by making it possible for her to acquire something upon which to subsist in her old age in case of his death. For many years appellant recognized the justice of the whole matter and the rights of appellee in the property. The evidence fails to account for the change that “came over the spirit of his dreams” and why he sought to deprive his benefactress of her property and reward her faithfulness and love by leaving her helpless and poverty-stricken in her old age.
 

 The following authorities uphold the proposition that in order to constitute a resulting trust the payment must be made at the time of the purchase, .and not at a subsequent time: Long v. Steiger, 8 Tex. 460; Parker v. Coop, 60 Tex. 113; Gardner v. Rundell, 70 Tex. 456, 7 S. W. 781 ; Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; O’Connor v. Vineyard, 91 Tex. 488, 44 S. W. 485.
 

 In the cited case of Parker v. Coop, the Supreme Court approves the following from Perry on Trusts as to what it requires to constitute a resulting trust:
 

 “The trust must result, if at all, at the instant the deed is taken, and the legal title vests in the grantee. No oral agreements, and no payments, before or after the title is taken, will create a resulting trust, unless the transaction is such at the moment the title passes that a trust will result from the transaction itself.”
 

 The uncontroverted evidence in this case shows that no. money was paid by Jose Vaello on the goods, but that they were paid for by promissory notes executed by appel-lee, and that the land was paid for, not by Jose Vaello, but by cheeks given by appellee. It follows that the evidence totally failed to make out a case of resulting trust, and the court did not err in refusing to submit that matter to the jury. The first, second, third, fourth, fifth, sixth, seventh, sixteenth, and seventeenth assignments of error are overruled.
 

 The evidence failing to show that appellant had any title to the lands in controversy, legal or equitable, by limitations or otherwise, we might pretermit further consideration of the assignments, but we have given them consideration and disposed of them as hereinafter indicated.
 

 The eighteenth and nineteenth assignments of error present complaints of arguments of counsel for appellee, which it is claimed informed the jury of the legal effect of their answers to the first and other issues submitted by the court. The first issue submitted was:
 

 “Say whether or not the defendant, Maria Vaello Rodriguez, at any time subsequent to February 14, 1904, executed a deed in favor of the plaintiff, Francisco Vaello, by which she conveyed to him all the lands then owned by her in Duval county, Tex.”
 

 It seems that counsel for appellee said:
 

 “I don’t see how you can answer ‘Ves’ to the first question and thereby make your answer a basis for judgment in favor of the plaintiff in this cause.”
 

 And this is complained of as lifting the veil and allowing the jury to look in and see how fraught with mischief an affirmative answer would be. It is hardly conceivable that a jury could be organized in a district court in .Texas that would be so ignorant as not to know what effect proof of a deed from one party to another would have on title to the land in controversy. If they did not know that, if a deed from appellee to appellant had been proved, she had parted with title to the land, their intelligence was of such a character as to preclude their understanding of any proposition, however simple. The court instructed the jury not to consider the argument, but counsel insisted that he had the right to discuss the matter, and that appellant had no right to conceal the effect of the answer to the question. This was also withdrawn from the jury with the admonition not to consider it. The whole matter seems to have been innocuous and too mild for consideration, and further the argument was directly responsive to arguments made by appellant.
 

 It appears also that counsel for ap-pellee told the jury that he would show them who they would have to believe if they answered the questions adversely to appellee. This was also objected to as intimating the effect of answers to special issues. How this could have had that result is not apparent. Counsel certainly had the right to argue that his testimony should be credited. The court stated no objections were outlined at the time to the argument, nor does it seem possible that any reasonable objection could have been offered. Courts must proceed in passing upon matters claimed to have improperly influenced a jury, upon the assumption that the jury has ordinary intelligence. Telephone Co. v. Sheppard (Tex. Civ. App.) 189 S. W. 799; Railway v. Miller (Tex. Civ. App.) 192 S. W. 593.
 

 Appellee pleaded limitation of three and five years, and there was evidence tending to establish the plea, and consequently it was not error for the court to submit those issues to the jury. The ninth and tenth assignments are overruled.
 

 The court did not err In refusing to submit special issues requested by appellant as to whether either of the parties had held exclusive or joint possession of the land. The question of possession of the land had been fully and clearly submitted to the jury
 
 *1085
 
 by the court, and it was not incumbent upon the court to place the solution of evidentiary matters before the jury. Such submission would merely have confused matters and led to no good results. A finding on one or both of them would have determined nothing as to limitation or any other issue. Everything pertinent and proper in the ease to be submitted was given to the jury, and it is not contemplated in the statute on submission of special issues that evidentiary matters be submitted. King County v. Martin (Tex. Civ. App.) 173 S. W. 960.
 

 The thirteenth and fourteenth assignments of error are overruled. There was evidence tending to show that possession of the land was held by appellee for more than three of five years, and that when appellant was in possession it wa$ as the agent or tenant of appellee. He did not set up any claims adverse to hers, but recognized her rights by word and action. He charged her With the taxes due on the land and credited her with proceeds of produce raised on the land. When his father died, appellant did not place the lands now claimed by him as having been inherited by him from his father on the inventory of the estate. He had at all times recognized the right of appellee to the property, and bought property from her.
 

 The fifteenth assignment of error is utterly unintelligible and cannot be considered. However, it may be said that the evidence was conflicting as to whether a deed to appellant by appellee was ever executed by her in which she conveyed the lands in controversy to appellant. The issue was submitted to the jury and they found that she did not execute the deed, and there was evidence sufScient to sustain the finding.
 

 Through the twentieth assignment of error appellant assails the action of the court in not withdrawing from the' consideration of the jury the testimony of Federico Rosalis and S. M. Yera as to.a conversation between S. H. Woods and appellee in regard to her ownership of the store at Benavides. The bill of exceptions shows that S. M. Yera, a witness for appellee, who acted as an interpreter between S. H. Woods and appellee, stated that appellee told Woods that she intended conveying one half the store to appellant and intended giving him the other half, which was objected to afterwards as self-deserving declarations. No objection was made to the testimony when offered, and the witness was rigidly cross-examined in regard to it. Woods was acting as the agent and attorney of appellant when the conversation took place. A motion to exclude was afterward made and quite properly overruled. The conversation was between ap-pellee and the paid attorney of appellant and was properly admitted. It could have had no influence on the result'of the suit. Federico Rosalis, the other witness, as shown by the statement of facts, did not testify to the conversation narrated by the witness Vera, although it is so stated in the bill of exceptions.
 

 The court did not err in refusing to allow (Taime Vaello to testify “that the lands in controversy between plaintiff and defendant in this suit were regarded by the entire family of plaintiff and defendant as being owned by plaintiff, and not by defendant.” Titles to land are not fixed by what “the entire fajnily” may think, but by deeds and other muniments of title. Who the entire family may have been does not appear, but whoever they were they could not adjudicate the title to lands between appellant and ap-pellee. .
 

 There is no merit in the twenty-second assignment of error. What portion of her estate appellee may have intended to devise to one Manuel Rogers, whoever he may be, had nothing whatever to do with any issue .in this case.
 

 The twenty-third assignment of error is overruled. It was legitimate and proper to cross-examine appellant as to the truth or falsity of the allegations in his petition.
 

 The judgment is affirmed.