### D. M. O'CONNOR v. S. C. AND ANNA VINEYARD, GUARDIANS.

#### No. 629.—Decided February 21, 1898.

**1. Resulting Trust—Estate—Legatee—Administrator's Sale—Separate Property.**

The grand-daughter and sole legatee of a decedent who had in his life time, without reservation of lien, sold and conveyed certain land to another, received a conveyance of such land from the heirs of such purchaser in consideration of her release of her claim for purchase money against their ancestor's estate. Held:

(1) By such purchase she did not take the title in trust for her ancestor's estate, but held the absolute fee, subject to the claim of the estate to the debt, if needed for purposes of administration. (Pp. 496, 497.)

(2) A subsequent sale and conveyance by the administrator of her testator of the interest of the estate in such land, passed only the claim of the estate to the purchase money and did not convey title to the land. (P. 497.)

(3) The consideration of such purchase being her separate property by devise, the conveyance to her, though then married, did not make the land community property. (Pp. 497, 498.)

**2. Partition—Husband and Wife.**

A decree in a suit for partition to which a husband and wife were parties setting apart to the husband the lands claimed by him and his wife, did not affect the title to the lands so set apart, as between them. (P. 498.)

**3. Married Woman—Deed—Attorney for Husband.**

A deed by the wife for herself and as attorney in fact for her husband conveyed all the title of either, whether separate, community, or both. (P. 498.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Aransas County.

The suit was commenced by S. C. and Anna Vineyard, as guardians of Lillian Vineyard, to recover the property in controversy from D. M. O'Connor, who appealed from a judgment in plaintiffs' favor and on its affirmance obtained writ of error.

A former trial had resulted in a judgment for defendant, which, being affirmed on appeal, was reversed by the Supreme Court on writ of error. Vineyard v. O'Connor, 90 Texas, 59. The opinion of the Court of Civil Appeals upon the present appeal may be found in 43 S. W. Rep., 55. The first five assignments by plaintiff in error, which

are overruled but not discussed in the following opinion, were as follows:

1.    The Court of Civil Appeals erred in its construction of the deed from S. C. Vineyard to Samuel Harvey Vineyard, of date October 8, 1872, as to the powers reserved therein by the grantor.    The power reserved by the grantor in a deed from a father to his minor child was the power "to control the estate conveyed as guardian," and this clause expressing such reservation of power in a conveyance is not prohibited, because same did not contravene any law of the land (Art. 629, Rev. Stats.), and the deed being executed in 1873 and the guardian's statute in force up to August 15, 1870, allowing this very right to control as independent guardian without court control all property given by a father to his child, this clause is the express reservation of the very power conferred without express reservation under the former law, and means that the grantor reserved the right to control independently all estate passed by the deed, in the same manner that a regularly appointed guardian could control the estate if he were acting under court authority.

2.    The Court of Civil Appeals erred in holding that the decree of confirmation of the probate court of San Patricio County and the deed from S. C. and Anna W. Vineyard, as guardians, to John C. Herring, made under direction of said decree of confirmation, were nullities.

3.    The Court of Civil Appeals erred in holding, in effect, that one claiming to be an innocent purchaser at a guardian's sale and offering in support of said plea a decree of confirmation of a court of competent jurisdiction and a guardian's deed, must look beyond said confirmation decree to ascertain if the probate record discloses a precedent order of sale, because article 2113 (old number 2059), Revised Statutes, declaring that no sale of property belonging to the estate of a decedent shall be made by an executor or administrator without an order of sale, has no application to guardian's sales, and the court having general jurisdiction over the subject matter of this guardianship, the purchaser, upon collateral attack, had the right to rely upon its final decree unless said jurisdiction was defeated by a jurisdictional defect preventing the confirmation of this particular sale; and the failure to order the sale is, in view of chap. 10, art. 51, regulating guardians' sales, a mere error on the court's part in failing to follow statutory directions, and has no more dignity than other errors of mere procedure; and the rule applying to executors' and administrators' sales, which arises by virtue of said article 2113, because said statute defeats the judicial power of the court to confirm the sale, has no application to guardians' sales; and the purchaser at such a sale on collateral attack occupies a wholly distinct status from the purchaser at executor's or administrator's sale, for in the latter case the order of sale is a step necessary to clothe the probate court with jurisdiction to confirm the sale, while in the present case, of a guardian's sale, an order of sale is only a precedent direction, not a jurisdictional requisite, of the confirmation decree.

4.  The Court of Civil Appeals erred in holding that the transcript from the records of San Patricio County, Texas, in the estates of the minors Samuel Harvey Vineyard, Alex T. and Lillian Vineyard, which was .ntroduced in evidence by appellees over the objection of appellant, was a full and complete transcript of the entire proceedings had in said estate, because,—

(1)  The record in this very case shows, by a certified copy of a guardian's report, which had been admitted in evidence by the trial court prior to the offer in evidence of this transcript, and which it was apparent that this transcript did not include, that this transcript was not a complete record of all the proceedings in said estate and was therefore wholly irrelevant.

(2)  In the certificate made by the County Clerk of San Patricio County he does not certify that said transcript was a complete transcript of all proceedings had in said estate in the probate court of San Patricio County, but said certificate is, in effect, that the transcript contains all the proceedings in said estate which appear of record in one particular volume of the transcribed probate records of San Patricio County on the particular pages of said volume shown on the margin of the transcript.

(3)  Said transcript only purported to be a certified copy of a transcribed record, and was a mere copy of a copy, and inadmissible under art. 2306 (old number 2252), Revised Statutes, which was enacted prior to the provision for transcribed records and not since amended so as to cover such copies of such transcribed records.

5.  The Court of Civil Appeals, having held said transcript of said alleged entire proceedings in said estate properly admitted in evidence, erred in.considering same for all purposes of this case, when same had been admitted and considered by the trial court for only one specific purpose, namely, as bearing alone upon the particular special plea of appellant for return of purchase money.  Such a ruling of the Court of Civil Appeals in effect deprives appellant of the right in the trial court to controvert or attack said transcript if admitted for all purposes, while in the trial court appellant deemed said attack or contest practically unnecessary in view of the special purpose to which this erroneous transcript was limited as evidence, and the Court of Civil Appeals, basing its opinion in this case upon the invalidity of the guardian's sale, which it holds is shown by this alleged transcript, really affirms a case which was materially different from the one decided by the trial court.

*Glass, Callender & Carsner*, and *Proctors*, for plaintiff in error.— The court erred in holding that the land conveyed by the heirs of Samuel Colt to Mrs. Anna W. Vineyard by the deed dated August 8, 1870, was held in trust by her for the estate of James W. Byrne, and that the same passed to Samuel C. Vineyard by the deed of the administrator of the estate of said James W. Byrne, dated May 28, 1872; and by the deed of S. C. Vineyard to Harvey S. Vineyard, dated October 8,

1873, and by him conveyed to Lillian Vineyard; because the deed from the heirs of Samuel Colt conveyed the legal title to said land to Mrs. Anna W. Vineyard, and she took said land as her separate property as the sole devisee and legatee of the estate of James W. Byrne, subject only to the payment of any debt or charge against said estate. The title to said land was not in James W. Byrne at the time of his death, and never became assets in the hands of the administrator of said estate, and was never subject to the jurisdiction of the court in which said estate was administered, and therefore was not affected by the deed of the administrator to S. C. Vineyard. Rev. Stats., art. 1817; State v. Lewellyn, 25 Texas, 799; Yancy v. Batte, 48 Texas, 46; Webster v. Willis, 56 Texas, 468; Mayes v. Jones, 62 Texas, 365.

The property conveyed by the Colt heirs to Mrs. Anna W. Vineyard was not conveyed to her in trust for the estate of James Byrne, but in her own right as sole devisee and legatee of said estate. At the time of the execution of said deed Mrs. Vineyard did not occupy any fiduciary relation to the estate of James W. Byrne.

The legal title to said property having been vested in Mrs. Anna W. Vineyard on August 8, 1870, by the deed from the Colt heirs, the same remained in her until the rendition of the decree of partition on May 11, 1877, in the suit of Fannie E. Hale et al. v. S. C. Vinyard, et al., when it was vested in S. C. Vineyard, and conveyed by him on June 12, 1877, to John C. Herring and by mesne conveyances from said Herring to appellant. There is nothing on the face of the title papers which gave notice to John C. Herring that appellee or her vendor had any legal or equitable title to the property conveyed by the Colt heirs to Mrs. Vineyard. Rev. Stats., arts. 548, 550; Edwards v. Brown, 68 Texas, 329; Hill v. Moore, 62 Texas, 610; McAlpine v. Burnett, 23 Texas, 649; Wimberly v. Pabst, 55 Texas, 587.

The court erred, in his conclusions filed herein, in finding "that if the said Anna W. Vineyard did not take said land as a trustee for the Byrne estate, then the interest so conveyed to her was the community property of herself and her husband, and that the administrator's deed conveyed this interest to her said husband; that so being community property the said S. C. Vineyard by his deed conveyed the same to his son, Samuel Harvey Vineyard, and the same by him was conveyed by his deed to plaintiff." Said finding was erroneous in this: (1) The deed from the heirs of Samuel Colt to Anna W. Vineyard recites as a consideration for said conveyance a full release of all demands held by William G. Hale, Ebenezer Allen and James W. Byrne against the estate of Samuel Colt, his heirs or devisees; and the court finds that Anna W. Vineyard was the sole devisee and legatee of said Byrne, wherefore the consideration for said conveyance so far as Anna W. Vineyard was concerned was her separate property. (2) The deed from the administrator of the estate of Byrne to S. C. Vineyard did not and could not convey the land which had been conveyed to Anna W. Vineyard by the heirs of Samuel Colt, but only conveyed the land, the title to which was in the

estate of James W. Byrne, the same being estimated at 3375 acres, more or less, being two-eighths undivided of the "Lamar Property." (3) The deed from S. C. Vineyard to his son, Samuel Harvey Vineyard, only conveys the property purchased by him at administrator's sale. (4) Samuel Harvey Vineyard only conveys to the plaintiff his entire interest in the conveyance from S. C. Vineyard to himself. Rev. Stats., art. 2851; McIntyre v. Chappell, 4 Texas, 187; Love v. Robertson, 7 Texas, 6.

*Ward & James,* for defendant in error.—Where defendant relies upon an outstanding title to defeat a claim by plaintiff it is competent for plaintiff to rebut such a defense by showing a conveyance of said title made since the commencement of the suit. In a partition suit of the Lamar property a decree of partition was made in November, 1876, in which S. C. Vineyard was recognized as the owner of this Colt interest and it was by decree of court set aside to him individually as such purchaser. To this suit his wife was also a party, and, if she had any personal interest in the land by virtue of the conveyance to her by the Colt heirs, it was passed upon and this decree is therefore res adjudicata as to any separate right which she might have sought afterwards to set up if she had so desired. Ballard v. Perry, 28 Texas, 347; Keyes v. Railroad, 50 Texas, 170; Martin v. Parker, 26 Texas, 261.

If the purchaser of real estate at the time of his purchase has notice, actual or constructive, of the equitable title of the adverse claimant or was in possession of such facts as would have prompted a prudent man desirous to protect himself and willing to act fairly with others to have made inquiry which would have led to the knowledge of such equitable title then he is not protected. The deed from J. W. Vineyard, administrator of the estate of J. W. Byrne, to S. C. Vineyard and the deed from S. C. Vineyard to his son Samuel Harvey Vineyard, and also the decree of partition relied upon by appellant are links in the title to the land which appellant claims, and their recitals are sufficient to give notice to an ordinarily prudent man of the true condition of the title. Hill v. Moore, 62 Texas, 613; Henderson v. Lindley, 75 Texas, 189; Bacon v. O'Connor, 25 Texas, 225; Caruth v. Grigsby, 57 Texas, 265; Taylor v. Harrison, 47 Texas, 454.

The court did not err in his conclusions filed herein in finding that if Anna W. Vineyard did not take the land as trustee for the Byrne estate then the interest so conveyed to her was community property of herself and husband and the title therefore passed by mesne conveyance to Samuel Harvey Vineyard. Philipowski v. Spencer, 63 Texas, 609; Epperson v. Jones, 65 Texas, 429; King v. Gilleland, 60 Texas, 273; Morris v. Hastings, 70 Texas, 30.

In support of a motion for rehearing, which was overruled, counsel also urged: A deed purporting to convey the separate property of a married woman and which is signed by her alone is invalid though it be

shown that she acted with her husband's consent.   Cameron v. Bout-well, 53 Texas, 626.

Where a husband has authorized his wife by a power of attorney to convey his right, title and interest in certain lands, such a power will not authorize his wife to sign his name to a conveyance of her separate estate and thus pass the title to a third party.   Cameron v. Boutwell, 53 Texas, 626.

A power of attorney must receive a strict interpretation, and the authority is never to be extended by intendment or construction beyond that which is given in terms, or is absolutely necessary for carrying the authority into effect.   Gilbert v. How, 45 Minn., 121; Rossiter v. Rossiter, 8 Wend., 494; Brantely v. Insurance Co., 53 Ala., 554.

A party dealing with an attorney in fact is chargeable with notice of the power, and must interpret it at his own peril.   23 Wend., 260; 5 Johns., 58.

*C. F. Carsner*, for plaintiff in error, in reply cited:  Riley v. Wilson, 86 Texas, 242; Rogers v. Roberts, 35 S. W. Rep., 76.

BROWN, ASSOCIATE JUSTICE.—S. C. Vineyard and his wife Anna W. Vineyard, as guardians of their minor daughter Lillian Vineyard, brought suit in an action of trespass to try title against D. M. O'Connor, to recover certain lands situated in the County of Aransas. O'Connor disclaimed as to a portion of the land sued for, and the controversy was over the title to 4214 acres which consisted of parts of several tracts described in the petition.   The case was tried before the court without a jury, and appellees recovered 11/24 of the land in controversy.   We make the following statements of the facts necessary to an understanding of the questions presented to us:

J. W. Byrne is the common source of title, and once owned all the land in controversy.   He conveyed an undivided one-half interest in it to William G. Hale and Ebenezer Allen, and to others different interests not necessary to mention.  April 2, 1858, J. W. Byrne conveyed to Samuel Colt and J. V. Colt an undivided 1/24 part of the land by deed in which he acknowledged the payment of the purchase money.

April 22, 1856, Hale and Allen, by deed. in which the purchase money was acknowledged, conveyed to Samuel and J. V. Colt a one-eighth undivided interest in the land.

January 13, 1858, Hale, Allen and Byrne, by deed acknowledging the payment of the purchase money, conveyed to Samuel Colt an undivided 1/12 part of the land.

April 2, 1861, James W. Byrne conveyed a 3/16 interest to Samuel Colt, acknowledging the payment of the purchase money in the deed.

On the same day Hale and Allen, by deed acknowledging the payment of the purchase money, conveyed to Samuel Colt 3/16 of the land.

James Byrne bought the interest of J. V. Colt at sheriff's sale, and thereafter Byrne died, leaving a will in which his grand-daughter Anna

W. Vineyard, one of the plaintiffs, was sole legatee and devisee. Neither Samuel Colt nor his heirs ever owed anything to Anna W. Vineyard or her husband, but Anna W. and S. C. Vineyard had signed an agreement compromising a claim against the estate of Samuel Colt in favor of the estate of J. W. Byrne.

On August 8, 1870. the heirs of Samuel Colt conveyed all their interest in the land to William G. Hale and Ebenezer Allen each one-fourth and to Anna W. Vineyard one-half, reciting that the deed was made "in consideration of a release to all further demands against the estate and legal representatives and heirs of Samuel C. Colt deceased, duly made and executed by William G. Hale, Sylvina J. Allen, Anna W. Vineyard and her husband —————— Vineyard, the receipt whereof is hereby acknowledged." After describing the land the deed contains this language: "And also including the flats, shoals and islands in front of said peninsula according to the several deeds of conveyance and a mortgage deed made to said Samuel Colt by said William George Hale, Ebenezer Allen and James W. Byrne now deceased, with full release and acquittance of the mortgage debt expressed in the deed thereto." The deed contained covenants of general warranty. The deed was filed for record in Aransas County June 3, 1876.

J. W. Vineyard, administrator with the will annexed of the estate of J. W. Byrne, deceased, sold certain property of the estate of the said Byrne to Samuel C. Vineyard, and, the sale having been confirmed by the Probate Court, the administrator executed to S. C. Vineyard, on the 28th day of May, 1872, a deed to the property so sold, and in the said deed, after describing the other property, this language is used: "Also three-eighths interest in a claim for property in 'Lamar property' sold Samuel Colt, now deceased, and not paid for, which interest amounts to about $2531\frac{1}{4}$ acres of land, more or less, or the corresponding price to be paid for the same, say $6750, in the hands of William G. Hale for settlement." This last description, it is claimed, conveyed the land in controversy to S. C. Vineyard.

October 8, 1873, S. C. Vineyard executed an instrument in which he declared that he purchased the property mentioned and described in the last named deed for the use and benefit of Samuel Harvey Vineyard, his son, and for the heirs of himself and Anna W. Vineyard, and conveyed to Samuel Harvey Vineyard and the said heirs "all my right, title and interest in the estate of James W. Byrne, purchased by me at administrator's sale in behalf of my son, Samuel Harvey Vineyard, and heirs of S. C. Vineyard and Anna W. Vineyard." This last deed was duly acknowledged and filed for record on the day of its date.

November 23, 1888, Samuel Harvey Vineyard conveyed to Lillian Vineyard all of his interest in the property described in the foregoing instrument, which last conveyance was recorded June 10, 1892.

August 6, 1896, Anna W. and her husband, S. C. Vineyard, made an instrument declaring the property conveyed to Anna W. Vineyard by the heirs of Samuel Colt to have been conveyed to her in trust for the

estate of James Byrne, and in order to carry out that trust she conveyed the said property to her minor daughter, Lillian.

The plaintiff in error relied upon decrees of partition which embrace the land in controversy, made in the years 1876 and 1877, in suits to which Samuel H. Vineyard and the other heirs of Anna W. and S. C. Vineyard were not parties, and we deem it unnecessary to notice them further.

May 19, 1877, S. C. Vineyard executed power of attorney by which he authorized his wife, Anna W. Vineyard, to sell lands in Refugio and Aransas Counties, and on the 21st day of June, 1877, he executed a second power of attorney authorizing Anna W. Vineyard to sell and convey all of his right, title and interest in and to all property he had in the State of Texas.

Under and by virtue of the powers of attorney before described, Anna W. Vineyard conveyed the land in controversy to John C. Herring for $4214, half cash, half payable in two years from date with ten per cent interest, retaining a vendor's lien; which deed was signed by her in her own right and as attorney in fact for S. C. Vineyard and was dated June 12, 1877. The deferred payment was paid by John C. Herring. D. M. O'Connor showed a regular chain of title from John C. Herring.

November 25, 1882, the Probate Court appointed S. C. and A. W. Vineyard guardians of the estates of the minors Samuel H., Alexander T. and Lillian Vineyard, and the guardians qualified January 1, 1883, filing an inventory of the property of the estate January 5, 1883, which inventory did not contain the property in controversy in this suit. On the last named date the guardians filed an application in the court, asking the confirmation of the sale made by them to John C. Herring June 12, 1877, and on that date the Probate Court ordered the confirmation and that the guardians make á deed for said land to John C. Herring, which was accordingly done, but no new sale had been made by the guardians nor was any consideration paid except that which was paid in the original purchase from S. C. and Anna W. Vineyard. The decree of confirmation was offered in evidence by the plaintiff in error and was excluded by the court upon objection made by the defendant in error.

The foregoing statement is made from the findings of the Court of Civil Appeals. The judge who tried the case in the District Court filed the following conclusions of law and fact:

"1st. That S. C. and Anna W. Vineyard were married to each other on the——day of April, A. D. 1866.

"That James W. Byrne the grandfather of said Anna W. Vineyard, died testate in 1862, and that the said Anna W. Vineyard was his sole devisee and legatee.

"That neither the said Samuel Colt nor his estate was ever individually indebted to said Anna W. Vineyard.

"That the said Anna W. Vineyard took the land conveyed by said

Colt heirs to her, in trust for the benefit of the Byrne estate, and that such interest passed by the administrator's deed to S. C. Vineyard, and by his deed to his son, Samuel Harvey Vineyard, and by the deed from Samuel Harvey Vineyard to the plaintiff.

"I further find that if the said Anna W. Vineyard did not take such land as a trustee for the Byrne estate, then the interest so conveyed to her was the community property of herself and her said husband, and that, as the administrator's deed conveyed this interest to her said husband, that so being community property, the said S. C. Vineyard by his deed conveyed the same to his son, Samuel Harvey Vineyard, and the same by him was conveyed by his deed to plaintiff.

"That in either view of the case the said Colt interest passed to plaintiff under the law."

We find no error in the matters complained of in the first five assignments of error embraced in the application of the plaintiff in error and the said assignments are therefore overruled. The following opinion applies alone to the lands which are claimed through the conveyence from Elizabeth H. Colt and others as heirs of Samuel Colt deceased to William G. Hale, Sylvina J. Allen and Anna Willard Vineyard.

The plaintiff in error insists that there is no evidence to sustain the finding of the trial court, that Mrs. Vineyard received the conveyance from Samuel Colt's heirs in trust for the estate of J. W. Byrne. If there be a trust arising out of that transaction it must necessarily be a resulting trust, which is defined by Mr. Perry as follows: "Resulting trusts are trusts that the courts presume to arise out of the transactions of parties, as if one man pays the purchase money for an estate and the deed is taken in the name of another. Courts presume that a trust is intended for the person who pays the money." Perry on Trusts, p. 17, sec. 26; Gardner v. Rundell, 70 Texas, 456.

The land in question had been conveyed by J. W. Byrne in his life time, in connection with Hale and Allen, to Samuel C. Colt by deeds which acknowledged the payment of the purchase money, thereby divesting all title out of Byrne and fully vesting it in said Colt. Assuming that the claim—the release of which by Mrs. Vineyard constituted the consideration of the conveyance to her from the heirs of Colt—was due from Samuel Colt in his lifetime to J. W. Byrne and that it was for unpaid purchase money upon the land conveyed to Mrs. Vineyard by the heirs of Colt, nevertheless the paramount title to that claim at the time of the transaction referred to was in Mrs. Vineyard,—she being the sole legatee in the will of J. W. Byrne. It is true that Mrs. Vineyard's title to the claim was subject to administration for the payment of claims against the estate, but she could have assigned her interest in it and her assignee would have been entitled to the proceeds of it if not consumed in the payment of debts or expenses of administration. Rutherford v. Stamper, 60 Texas, 447. Mrs. Vineyard had a right to the claim which constituted a valuable consideration for the conveyance made to her, and the release made by her as legatee discharged the debt

unless it became necessary to use it in the payment of debts against the estate. Upon this state of facts, does any trust result in favor of the estate of Byrne? In order to raise a trust upon such a transaction the property must have been purchased and paid for by the party in whose favor the trust is claimed, or the person to whom the deed was made must have applied to the purchase funds which belonged to another. In this case the Byrne estate had nothing to do with making the purchase and did not pay the purchase money; neither did Mrs. Vineyard occupy any relation of trust to that estate or use in the purchase of it any funds entrusted to her and which belonged to the estate of J. W. Byrne; on the contrary, she used that to which she was entitled by law in preference to the administrator except in certain contingencies. We see none of the elements of a trust in this transaction. We therefore conclude that the finding of the trial court was without evidence to support it. The administrator could have enforced the claim against the heirs of Colt after the conveyance to Mrs. Vineyard, and it might be true that Mrs. Vineyard, under certain conditions, would be liable to creditors of J. W. Byrne to the extent of the value of the property received by her, but in neither event would the character of the title which was vested in her by the conveyance be changed from an absolute fee to an estate in trust for the Byrne estate.

Plaintiff in error contends that the title to the land in question did not pass to S. C. Vineyard by the sale made by the administrator of J. W. Byrne and the deed made in pursuance of that sale. The administrator could not convey a greater title than his intestate had at the time of his death, and, as the title to the land had passed from Byrne in his lifetime to Samuel Colt, S. C. Vineyard could take nothing by his purchase from the administrator.

If the title to the land had been in the heirs of Samuel Colt at the time the administrator of Byrne made the deed to S. C. Vineyard, nothing except the claim for money would have passed by the deed, which described the subject matter of the conveyance as follows: "Also $\frac{2}{3}$ interest in a claim for property in 'Lamar property' sold to Samuel Colt now deceased not paid for etc.;" because there was not in Byrne at his death, nor in his administrator at any time, any right to reclaim from Samuel Colt the property in question, although it may have been sold by Byrne to Colt and not paid for by the latter.

If a vendor's lien existed in favor of the estate of Byrne against the land, then it would have been held by Mrs. Vineyard subject to that lien in favor of creditors, if necessary to enforce it for the payment of debts against the estate of J. W. Byrne, but the estate had no right in the land itself which was the subject of sale.

The learned judge who tried the case in the District Court found that if the land was not held by Mrs. A. W. Vineyard in trust for the estate of J. W. Byrne, it was the community property of Anna W. and S. C. Vineyard and passed to Samuel Harvey Vineyard by the deed made by S. C. Vineyard to him. There is no evidence to sustain the finding

that the land was the community property of S. C. Vineyard and his wife. The undisputed evidence in the case shows that the consideration for the conveyance made to Mrs. Vineyard by the heirs of Colt was a claim due to the estate of Byrne and was the separate property of Mrs. Vineyard, which of course makes the land her separate property.

If, however, it be conceded that the land was the community property of S. C. Vineyard and his wife, it did not pass to Samuel Harvey Vineyard by the deed made to him by his father S. C. Vineyard, because that deed conveyed "all my right, title and interest in the estate of James W. Byrne purchased by me at administrator's sale in behalf of my son Samuel Harvey Vineyard and heirs of S. C. Vineyard and Anna W. Vineyard." We have determined already that the deed of the administrator did not convey the land in question to S. C. Vineyard, from which it follows necessarily that the deed from the latter to Samuel Harvey Vineyard did not convey this land, although the title might have been at the time in S. C. Vineyard, because that deed did not purport to convey anything but the right acquired by the purchase at the administrator's sale.

In the year 1876, in the District Court of Aransas County, in a suit then pending by Fannie Hale for herself and her minor children, heirs of W. G. Hale, against S. C. Vineyard and others, which included his wife Anna W. Vineyard, partition was made of the Lamar property. The decree which established the interests of the different parties in the land and which ordered partition to be made of the land determined that "S. C. Vineyard and A. W. Vineyard his wife are entitled to 11/24 of the said Lamar property." The court appointed three commissioners who, in making their report, set apart to S. C. Vineyard all of the land which belonged to him and his wife. The defendants in error claim that this vested title in S. C. Vineyard. We think that clearly this is not the effect of the judgment, and that the title of Vineyard and his wife remained as it was before the partition was made.

In our judgment, however, it would make no difference in the result if this were true, because the deed executed by Anna W. Vineyard for herself and as attorney in fact for S. C. Vineyard, on June 12, 1877, by which they conveyed the land in question to John C. Herring, had the effect to convey all of the right, title and claim of S. C. Vineyard and of Anna W. Vineyard in the land, whether it was the separate property of either or was the community property of both. It follows that no title remained in S. C. and Anna W. Vineyard to be conveyed by the deed made by them to the minor plaintiff in 1896, and the District Court and Court of Civil Appeals erred in their judgment giving the land in question to Lillian Vineyard.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and the cause be remanded to the District Court.

*Reversed and remanded.*