F. KENNEDY v. THE STATE.

No. 3760. Decided November 3, 1915.

Rehearing denied December 1, 1915.

**1.—Theft from Person—Confessions—Arrest—Surveillance.**

Where, upon trial of theft from the person, the record on appeal showed that defendant had been arrested with another, and was then discharged but kept under surveillance, yet his movements were wholly unrestricted, and he could go where he pleased, his confessions under such circumstances were admissible in evidence, as he was not in law under arrest at the time. Distinguishing Wood v. State, 22 Texas Crim. App., 431, and other cases. Following Riley v. State, 44 S. W. Rep., 498.

**2.—Same—Sufficiency of the Evidence—Corpus Delicti—Accomplice.**

Where, upon trial of theft from the person, the State introduced in evidence the testimony of an accomplice, as well as the confessions of the defendant, one aided and supported the other in showing defendant's connection with the crime, and the conviction is sustained; the crime itself being shown by independent evidence. Following Jackson v. State, 29 Texas Crim. App., 458, and other cases.

Appeal from the District Court of Milam. Tried below before the Hon. J. C. Scott.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lyles & Lyles,* for appellant.—On question of defendant's confession: Wood v. State, 22 Texas Crim. App., 431, 3 S. W. Rep., 336; Gilder v. State, 33 S. W. Rep., 867; Parks v. State, 79 S. W. Rep., 301; Patrick v. State, 74 S. W. Rep., 550; Jones v. State, 71 S. W. Rep., 962; Buckley v. State, 100 S. W. Rep., 763; Calloway v. State, 116 S. W.

Rep., 575; Fry v. State, 124 S. W. Rep., 920; People v. McMahon, 15 N. Y., 384; Nolen v. State, 9 Texas Crim. App., 419; Nolan v. State, 14 id., 474.

On question of corpus delicti and confessions: Hill v. State, 11 Texas Crim. App., 132; Lovelady v. State, 14 id., 545.

· *C. C. McDonald,* Assistant Attorney General, for the State.—On question of confessions: Park v. State, 15 Texas Crim. App., 230; Cordes v. State, 54 Texas Crim. Rep., 204; Ellsworth v. State, 54 id., 38; Grant v. State, 54 id., 403; Williams v. State, 53 id., 2; Hilcher v. State, 131 S. W. Rep., 592.

HARPER, JUDGE.—Appellant was convicted of theft from the person, and his punishment assessed at two years confinement in the penitentiary.

There are four bills of exception in the record, all relating to the same matter. It appears that a purse containing money was stolen from the person of one Robert Burton. Appellant and one Marcus King were arrested and placed in jail, charged with committing the theft. After investigation the assistant county attorney and the constable concluded that the evidence at command was insufficient to authorize holding appellant in custody, and he was discharged. However, the officers decided to investigate the matter further, and keep appellant under surveillance while making the investigation, and the bill recites that appellant knew the officers were going to make a further investigation and keep him under surveillance. After appellant was given his liberty and allowed to go, the officers and Marcus King agreed that the officers would conceal themselves about the jail, and Marcus King would send for appellant and have a conversation with appellant that the officers could overhear. This testimony was objected to on the ground that appellant was then under such arrest or restraint as to render the statements made by him inadmissible, and all the bills are reserved to the introduction of this· testimony, and special charges requesting its exclusion. In the argument before us, it was contended that the record disclosed that the officers would not have permitted appellant to leave the town, and his liberty was restrained. If such was a fact, there would be much strength in appellant's contention. But we find no basis for such contention in the bills, nor in the evidence adduced on the trial. According to this record, his movements were wholly unrestricted after he was released from custody, and all that was agreed to between the officers was that they would make further investigation, and while doing so would keep appellant under surveillance. He could and did go where he pleased. No restraint was placed or kept on his movements. If by further investigation no further testimony was discovered, he would never again be arrested. It was while he was thus at large that the inculpatory statements were made. Appellant cites us to the cases which hold that confessions made while under arrest are inadmissible. This is conceded to be the law, but the question

resolves itself back to the inquiry: was appellant under arrest, or any restraint in his movements? If not, the cases cited have no application. The case of Wood v. State, 22 Texas Crim. App., 431, is seemingly relied on by appellant as sustaining his contention, but when we read the facts in that case it is shown that the reason given is that the statement was not a "voluntary" statement, but one required to be made in the course of a judicial investigation, and at a time when Wood was made aware that restraint had been placed on his going at will and he notified he would be placed in jail after he testified, charged with this crime. In this case appellant was at large, under no restraint, and voluntarily made the statement to Marcus King in a conversation with King. He was not compelled by the officers to make any statement—in fact, he did not know that the officers were concealed within hearing of the conversation at the time he made it. The distinction in this character of case and that in the Wood case, supra, is clearly drawn by this court in Riley v. State, 44 S. W. Rep., 498.

The only other question in the case is the one alleging the insufficiency of the testimony—that the corpus delicti is not proven. The State relied on the testimony of the accomplice, Marcus King, who testified he saw appellant take the purse containing the money out of the pocket of Burton just after he arose from the table where they had been gambling, and the confession of appellant made under the circumstances discussed above. In this confession it is shown that appellant came to the window of the jail in which Marcus King was confined, and asking Marcus King if there was anyone with him, and being told there was no one, Mr. Hamilton testified the following conversation took place: "Marcus said: 'I am getting mighty tired of staying in here and am freezing and cold,' and appellant asked Marcus had he pleaded guilty to gambling, and Marcus said, 'No, I have not pleaded guilty to anything,' and appellant said, 'Well, that is all that Mr. Hamilton cares anything about, he wants you to plead guilty to gambling,' and Marcus said, 'Yes, but Hamilton says I know something about the money, and he is not going to let me out until I tell him,' and appellant said, 'He thinks he knows something about it, but he can not prove a damn thing,' and said, 'Nobody knows anything about this but me and you, and you set steady in the boat, and I will come around in the morning and make you a bond and plead guilty to the gambling—that is all Hamilton cares anything about,' and Marcus asked him how much money this negro had. He asked how much money Robert Burton had, and appellant said $25, and Marcus said they are telling it around here that that nigger had four or five hundred dollars, and appellant said, 'It's a damn lie, there was not $25 in the pocketbook.' And Marcus asked him where the money was, and said, 'Hamilton thinks your wife carried it to Taylor,' and appellant said, 'No, the money is in town, it is not carried anywhere.' And said, 'You sit steady in the boat and I will get you out in the morning, and will make your bond.' Appellant did not stay long, and I stayed a good while, and he went off, and that was all that took place."

It is this confession and the testimony of the accomplice that the State relies on to prove that appellant committed the theft, and it is earnestly insisted this is insufficient to prove the corpus delicti. The theft is clearly shown by the testimony of Robert Burton and other witnesses, and in the well considered case of Kugadt v. State, 38 Texas Crim. Rep., 681, this court, speaking through Judge Hurt, correctly stated the law to be: "The rule being that in every criminal prosecution, before a conviction can be had, the State is required to prove two things: First, that a crime has been committed (in this case the death of Johanna Kugadt by some criminal agency); and, second, that her death was caused by the person (appellant) charged, and none other. There is some conflict in the authorities as to whether or not the corpus delicti can be proved by circumstantial evidence, but the great weight of adjudicated cases is in favor of the proposition that it can be done. But when proof of this character is relied upon, the evidence should be clear and strong, fully complying with the rule laid down with regard to the proving of a case by circumstantial evidence. The general doctrine is that extrajudicial confessions, standing alone, are not sufficient proof of the corpus delicti; and some of the cases hold that the corpus delicti must be proved independently of confessions. But we do not understand such to be the better doctrine. In other words, in the establishment of the corpus delicti the confessions are not to be excluded, but are to be taken in connection with the other facts and circumstances in evidence. See note 3 to case of State v. Williams, reported in 78 Am. Dec., p. 254. And this rule is recognized in this State. See Jackson v. State, 29 Texas Crim. App., 458. Said case quotes with approval an excerpt taken from 4 Am. & Eng. Ency. of Law, p. 309, as follows: 'A confession is sufficient, if there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt in the minds of a jury beyond a reasonable doubt.' 'Such suppletory evidence need not be conclusive in its character. When a confession is made, and the circumstances therein related correspond in some points with those proven to have existed, this may be evidence sufficient to satisfy a jury in rendering a verdict asserting the guilt of the accused. "Full proof of the body of the crime, the corpus delicti, independently of the confessions, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient." ' "

In this case the accomplice testimony alone would be insufficient to sustain the conviction, and the confession alone would be insufficient, but both being introduced in evidence, they each aid and support the other, and do sustain the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 1, 1915.—Reporter.]