FOUR RIVERS MUTUAL ORCHARD COMPANY *v.* WOOD.

Opinion delivered November 24, 1924.

1. TRUSTS—PAROL EVIDENCE.—Where a trust was established by a written contract, and such writing is not accounted for, parol testimony of its contents is inadmissible.

2. TRUSTS—RESULTING TRUST.—One not contributing to the purchase of land cannot, by subsequently furnishing funds for improvements thereon, establish a resulting trust.

Appeal from Madison Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

*John W. Nance* and *J. B. Harris,* for appellant.

The court erred in sustaining the exceptions and objections of appellee and in dismissing appellant's interplea. 58 Ark. 98; 108 Ark. 836; 109 Ark. 332; 147 Ark. 383. Parol evidence may be introduced to prove the existence of a corporation. 3 Ency. Ev. p. 604; Elliott on Corp. (4 ed. 52). A resulting trust can not grow stale so long as the *cestui que trust* remains in possession and control of the property with the trustee's consent. 70 Ark. 145. A contract to purchase timber lands, plaintiff to take title, and defendant to advance the purchase price, and take a mortgage as security, is not within the statute of frauds. 114 Ark. 43; 137 Ark. 407. Where the legal title to lands was obtained under circumstances which render it inequitable, equity imposes a constructive trust in favor of the one equitably entitled to the same as against the wrongdoer or any subsequent holder. 151 Ark. 305. A purchaser at an execution or attachment sale takes at his own risk. 58 Ark. 260. And a purchaser of a trust estate takes subject to the trust. 155 Ark. 235.

*J. S. Combs, H. L. Pearson* and *W. N. Ivie,* for appellee.

The cases relied upon by appellant to sustain his exception are not applicable, for the reason they apply strictly to criminal cases and are controlled by the statutes of the State. C. & M. Digest, §§ 3119-3120. The court was correct in sustaining appellee's exception. All declarations or creations of trust or confidences of any

lands or tenements shall be manifested and proved by some writing, signed by the party who is, or shall be by law, enabled to declare such trusts, or by his last will in writing. C. & M. Digest, § 4867; 100 Ark. 253; 103 Ark. 273; 104 Ark. 32; 110 Ark. 389; *Bracy* v. *Timms,* 162 Ark. 247, 237 S. W. 728. Trusts concerning lands which are not created by contract or agreement between the parties, but which arise or result by operation of law when the lands are conveyed, are implied trusts, and may be established by parol evidence. Section 4868, C. & M. Digest; 101 Ark. 451; 142 S. W.. 848; 103 Ark. 145; 147 S. W. 54; 114 Ark. 128; 169 S. W. 813. Trusts *ex maleficio* will be declared whenever the legal title to property has been obtained through fraud, misrepresentation, concealment, or through undue influence, duress, taking advantage of one's weakness or necessity. Pomeroy's Eq. Jur., § 1053; 113 Ark. 36; 136 Ark. 480. A breach of promise to carry out an alleged trust is not sufficient to create an enforceable trust. 73 Ark. 310; 109 Ark. 335. Where the legal title to land is held for another and a trust is sought to be established, the trust must be proven by evidence that is clear, convincing and satisfactory. 239 S. W. 1063; 105 Ark. 318; 151 Ark. 305.

McCULLOCH, C. J. F. R. Wood, one of the appellees, instituted an action in the circuit court of Madison County against George A. Reese and Gussie E. Reese to recover on a note in the sum of $4,949, executed by them to the said appellee, and he caused a general attachment to be issued against the defendants and levied on personal property and real estate—numerous tracts of land containing several thousand acres. Said defendants were nonresidents, and were brought in by publication of warning order. The court rendered judgment in favor of appellee Wood against the defendants for the amount of the note, with interest, amounting to the aggregate sum of $7,679.27, and ordered the attached property sold by the sheriff. There was a sale of the property, and the real estate was purchased by appellee C. E. Crawford, and the sheriff reported the sale to

the court for confirmation. At the term at which the
report of sale came up for confirmation, but before there
was an order of the court in that regard, appellant, a
foreign corporation, appeared and filed what was termed
an interplea, asking that the sale be not confirmed, but
that it be set aside. Appellant alleged that George A.
Reese held the legal title to the lands in controversy, in
trust for appellant, and that, shortly after the purchase
of the land by Reese, appellant, through its agent,
entered into possession of a portion of the lands, cleared
up about five hundred acres, and fenced it and built
houses and other improvements thereon. The plea con-
tained a prayer for transfer of the cause to the Madi-
son Chancery Court, and that, on final hearing, appel-
lant be decreed to be the owner of the lands or have a lien
on the lands for the amount it had expended on perma-
nent improvements.

Appellees Wood and Crawford answered the inter-
plea, denying that appellant was the owner of the land
or that the same was held in trust for appellant, and the
cause was thereupon transferred to the chancery court.
On final hearing, the court dismissed the complaint or
interplea for want of equity.

Appellant was not a party to the original action, and
was not bound by the judgment or by the sale made
thereunder, but its interplea was answered and the cause
was transferred to the chancery court, hence we may
properly pass over the original proceedings in the action
of appellee Wood against defendant Reese and treat the
status of the present proceeding as an effort on the part
of appellant in a court of chancery to enforce an alleged
trust whereby Reese held the title to the lands for the
use and benefit of appellant.

Appellant offered the depositions of three witnesses
to establish the alleged trust, and appellees filed a motion
to exclude the testimony as incompetent. It was dis-
closed in the testimony of appellant's witnesses that
there was a written contract between Reese and appel-
lant whereby he agreed to hold the land in trust for

appellant, and to convey the same to appellant. The writing was unaccounted for, and it was improper to prove its execution and contents by oral testimony. The court was therefore correct in excluding this testimony, so far as it referred to the written contract.

It is further contended that there was a resulting trust on account of appellant furnishing money to use in the improvement of the lands, and which was used in such improvement. There is no proof, however, that appellant furnished money with which to buy the lands. The rule is well settled by decisions of this court that, in order to constitute a resulting trust, the contribution of funds upon which the trust is claimed to have arisen must have been made at the time of, or prior to, the purchase, and not afterwards. *Reeves* v. *Reeves,* 165 Ark. 505. The proof in the present case does not show that appellant contributed funds with which to purchase the lands, and no trust arose on account of its having furnished funds later with which to improve the property.

Affirmed.