D. H. MORRISON v. MRS. VIOLA J. FARMER.

No. A-1734. Decided October 6, 1948.
(213 S. W., 2d Series, 813.)

*Robert C. Johnson,* of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold that a resulting trust in land was established although Mrs. Farmer paid no part of the purchase price for the land when title passed to Morrison. Gardner v. Randell, 70 Texas 453, 7. S. W. 781; Wright v. Wright, 132 S. W. (2d) 849; Allen v. Allen, 101 Texas 362, 107 S. W. 528, 529.

*E. G. Moseley* and *Dave McCord,* both of Dallas, for respondent.

The trust sought to be established was in land and improvements. The improvements were purchased by respondent, Mrs. Farmer. Respondent obligated herself by a binding contract to pay for the purchase price of the lot and the moving of the improvements. Martin v. Martin, 130 S. W. (2d) 867; Patrick v. McGaha, 164 S.W. (2d) 236; Vicars v. Quinn, 134 S.W. (2d) 947.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This suit was brought by respondent against petitioner for the enforcement of a parol contract for the purchase of an improved lot in the city of Dallas, or to impress a trust. After trial before a jury, judgment was rendered for respondent and that judgment was affirmed by the Court of Civil Appeals, which held that a resulting trust in favor of respondent arose out of the transactions between the parties. 210 S. W. (2d) 245.

The facts found by the jury and those shown by undisputed evidence are in substance as follows: Sears, Roebuck & Company, being the owner of a house in which respondent lived as tenant, and desiring to construct a store building on the lot, agreed to sell the house and garage to respondent for $400.00, provided she remove them from the lot. Agreement was made orally between petitioner and respondent that petitioner would buy another lot selected by respondent, move the house and garage to the lot, set them up on foundations, recanvas and repaper the house, paint the outside of the house, connect the

plumbing, otherwise recondition the house, and build a driveway, and that on the completion of the work respondent would procure a loan on the house and lot and thereby make payment to petitioner. Respondent testified that she agreed to pay petitioner the full amount expended by him, but not to exceed $5,700.00, and an additional ten per cent, a total of not more than $6,270.00, while petitioner testified that the agreement was that respondent should pay him cost and an additional ten per cent. The jury resolved this conflict in respondent's favor.

Respondent bought the house and garage from Sears & Roe-Buck & Company, paying $400.00 in cash, and that company by bill of sale assigned them to petitioner. Petitioner bought the lot selected by respondent, paying $2,150.00 in cash for it. It was conveyed to him. The house and garage were moved to the lot by petitioner, and reconditioning and improvements were completed in accordance with the agreement, except for some comparatively unimportant details. Petitioner advised respondent that the total amount he had spent for the lot and moving and improving and reconditioning the house and garage, including the additional ten per cent, was $7,441.00, and he offered to convey the property to her upon payment of that amount. Respondent obtained a commitment for a loan of $6,000.00. She insisted that under the agreement she would not be required to pay more than $6,270.00 for a conveyance of the property. This suit ensued.

The first four paragraphs of respondent's petition seem to declare upon and seek to enforce the parol contract,. The first paragraph alleges that petitioner holds the property in trust for respondent and that title to it should be decreed to her upon her procuring a loan and thereby making the money available to pay petitioner. The sixth paragraph alleges in the alternative and in general terms misrepresentations, frauds and concealments on the part of petitioner, and that by reason of the same the property is held by him as constructive trustee for respondent. Another paragraph, further in the alternative, alleges that the house was converted by petitioner. The trial court's judgmen requires petitioner to execute and deliver to respondent a warranty deed conveying to her the title to the lot, including the improvements, on payment to petitioner by respondent "or by the loan company at her direction" of the sum of $6,270.00. Thus the judgment undertakes to enforce either the parol contract for the sale of the property or a trust in relation to the property which was neither alleged nor proven to have been created, established or declared by a written instrument.

■ We are convinced from a careful examination of the entire record that respondent's case, made or undertaken to be made by the pleadings, the evidence and the jury's findings, is a suit for the enforcement of a parol contract for the sale of real estate. The bringing of suit on such a contract is forbidden by the statute of frauds, Section 4, Article 3995, Revised Civil Statutes of 1925. If the agreement of the parties as described in the pleadings and testimony can correctly be construed as evidencing an intention that petitioner should take and hold title to the property in trust for respondent until the improvements were completed and she should procure a loan and pay him for the expenditures made, it is an agreement to create or establish an express trust, proof of which by parol evidence is forbidden by Section 7 of the Texas Trust Act, Chapter 148, Acts Regular Session 48th Legislature, Article 7425b-7, Vernon's Annotated Civil Statutes.

We approve the conclusions of the Court of Civil Appeals that the record contains no proof of misrepresentation, fraud or concealment to support respondent's allegations of constructive trust and no proof of conversion of the house. But we cannot approve that court's affirmance of the trial court's judgment on the theory of resulting trust.

■ A resulting trust arises by operation of law when title is conveyed to one person but the purchase price is paid by another. The parties are presumed to have intended that the grantee hold title to the use of him who paid the purchase price and whom equity deems to be the true owner. The trust arises out of the transaction and must arise at the time when the title passes. Gardner v. Rundell, 70 Texas 453, 7 S. W. 781; O'Connor v. Vinyard, 91 Texas 488, 44 S. W. 485; Allen v. Allen, 101 Texas 362, 107 S. W. 528; Wright v. Wright, 134 Texas 82, 132 S. W. (2d) 847; Cluck v. Sheets, 141 Texas 219, 171 S. W. (2d) 860; Klein v. Sibley, 203 S. W. (2d) 239; Pomeroy's Equity Jurisprudence (5th Ed.) Vol. 4, pp. 61-66, Sections 1031-1033; Scott on Trusts, Vol. 3, pp. 2237-2242, Section 440.

In this case title to the land was conveyed to petitioner and he paid the purchase money to the grantor. Petitioner also paid for moving the house and garage and for improving and reconditioning them, thus making all payments for the completion of the undertaking save only the $400.00 paid by respondent for the house. There are no facts in evidence to support a trust arising by implication at the time title to the lot was acquired. On the contrary the testimony of respondent and petitioner nega-

tives such an implication, for it shows the intention and agreement that respondent should acquire title to the property only after the completion of the work and by deed to be delivered to her upon payment at that time of the agreed consideration.

■ A resulting trust did not arise from respondent's providing and paying for the house and garage which were moved to the lot and became a part of the improved property. In providing the house and garage respondent contributed to the improvement of the lot which was bought and paid for by petitioner. Such a contribution does not affect the title to the lot and does not work a separation of the legal and equitable estates. Dakan v. Dakan, 125 Texas 305, 317, 83 S. W. (2d) 620; Allen v. Allen, 101 Texas 362, 107 S. W. 528; Cluck v. Sheets, 141 Texas 219, 171 S. W. (2d) 860; Four Rivers Mutual Orchard Co. v. Wood, 166 Ark. 233, 266 S. W. 75; Farmers Trust Co. v. Bevis, 331 Pa. 89, 200 Atl. 54; Scott on Trusts, Vol. 3, p. 2294, Sec. 454.7.

■ However, respondent is entitled to compensation for her contribution of the house and garage in the improvement of the property, and if necessary for her protection she should have an equitable lien against the property as security for its payment. Allen v. Allen, 101 Texas 362, 367, 107 S. W. 528; Dakan v. Dakan, 125 Texas 305, 83 S. W. (2d) 620; Scott on Trusts, Vol. 3, p. 2294, Sec. 454.7. That compensation cannot be awarded to her here, because she has not asserted a claim for it in her pleadings and because the case was tried on another theory and the facts as to the reasonable value of the property contributed by her were not fully developed. We believe that justice will be served if the cause is remanded in order that respondent by proper pleadings and proof may assert and establish a claim for reimbursement. Rule 505, Texas Rules of Civil Procedure. We express no opinion as to the measure of compensation to her further than to say that it should not be limited to the $400.00 which she paid for the house and garage, and that she should be fairly compensated, taking into consideration the value of the house and garage and the enhancement of the value of the entire property by reason of their use.

The judgments of the Court of Civil Appeals and the district court are reversed, and the cause is remanded to the district court for further proceedings consistent with this opinion.

Opinion delivered October 6, 1948.

No motion for rehearing filed.