NO. 07-10-0331-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

AUGUST 29, 2011

 

______________________________

 

 

BRENTON W. SHADDEN, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-420,688; HONORABLE JIM BOB DARNELL, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER REINSTATING APPEAL

            By
opinion and judgment dated May 20, 2011, due to Appellant's counsel's failure
to file a brief, this Court abated Appellant's appeal and remanded the matter
to the trial court for further proceedings. 
Pursuant to this Court's order, the trial court was directed to use
whatever means necessary to determine why counsel had failed to timely file
Appellant's brief and to take such action as was necessary to ensure that the
brief was filed with this Court by June 6, 2011.  Our order further specifically provided that
if Appellant's brief was not filed by that date, the trial court was directed
to conduct a hearing and to file findings of fact and conclusions of law by
July 8, 2011, determining the following:

1.           
whether Appellant
desires to prosecute the appeal;

2.           
whether
Appellant=s counsel has effectively abandoned
the appeal given his failure to timely file a brief; 

3.           
whether
Appellant has been denied effective assistance of counsel and is entitled to
new appointed counsel; and

4.           
whether
Appellant's counsel's failure to comply with the Rules of Appellate Procedure
and the directives of this Court raises a substantial question as to counsel's
honesty, trustworthiness, or fitness as a lawyer.  See
Tex. Code Jud. Conduct, Canon 3(D)(1), reprinted in Tex. Gov't Code Ann., tit.
2, subtit. G, app. B (West 2005). 

 

            Although Appellant's brief was not
timely filed, to date, the Court has not received the trial court's findings of
fact and conclusions of law.  

            On June 22, 2011, Appellant's
counsel did file a brief, which we have held in abeyance pending receipt of the
trial court's findings of fact and conclusions of law.  On July 12, 2011, this Court reminded the
trial court of its duty, however, our directives have been ignored.  We see no reason why Appellant's appeal should
be delayed any further.  Therefore, in
the interest of justice, we reinstate Appellant's appeal and deem his brief filed
this date.  The State's briefing deadline will be in accordance with
the applicable rules of appellate procedure. 
See Tex. R. App. P. 38.6.

            It
is so ordered.

                                                                                    Per Curiam

 

 

Do not publish.






y; line-height: 0.416667in; margin-bottom: 0.104167in">          In assessing the legal sufficiency of the evidence to support a criminal conviction,
a reviewing court must consider all the evidence in the light most favorable to the verdict
and determine whether, based on that evidence and reasonable inferences to be drawn
therefrom, a rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979); Hooper, 214 S.W.3d at 13. In our analysis, we must give deference to the
responsibility of the jury to fairly resolve conflicts in testimony, weigh the evidence, and
draw reasonable inferences form that evidence. Id. 
          Circumstantial evidence alone is sufficient to establish an element of the offense
and the sufficiency standard of review is the same for both direct and circumstantial
evidence cases. Hooper, 214 S.W.3d at 13. Each fact need not point directly and
independently to the guilt of the accused, so long as the cumulative force of the probative
evidence, when coupled with reasonable inferences drawn therefrom, is sufficient to
support the conviction. Evans v. State, 202 S.W.3d 158, 166 (Tex.Crim.App. 2006). 
          B.       Engaging In Organized Criminal Activity
          Texas Penal Code § 71.02 provides, in pertinent part, as follows:
A person commits an offense, if, with the intent to establish, maintain, or
participate in a combination or in the profits of a combination . . . he commits
or conspires to commit one or more [enumerated offenses including the
unlawful manufacture of a controlled substance or dangerous drug] . . . .
 
Tex. Penal Code Ann. § 71.02(a)(5) (Vernon Supp. 2008). 
 
          To establish participation in a combination, the State must prove “that appellant
intended to ‘establish, maintain, or participate in’ a group of three or more, in which the
members intend to work together in a continuing course of criminal activities.” Nguyen v.
State, 1 S.W.3d 694, 697 (Tex.Crim.App. 1999). These activities need not, individually,
be criminal offenses. Id. See Tex. Penal Code Ann. § 71.01(a) (Vernon 2003). 
          However, before we compare the essential elements of this crime to the facts
adduced at trial while applying the applicable standard of review, we must first determine
whether the State offered sufficient non-accomplice evidence during trial to corroborate the
testimony of Jimmie Don and Bobbie. If so, then we will test the legal sufficiency of all the
evidence including Jimmie Don’s and Bobbie’s accomplice testimony. In making these
determinations, we consider the evidence adduced at trial by both the State and Appellant. 
See Cook v. State, 858 S.W.2d 467, 470 (Tex.Crim.App. 1993).        
          C. Accomplice-Witness Rule & Legal Sufficiency
          Article 38.14 of the Texas Code of Criminal Procedure provides that a conviction
cannot stand on accomplice testimony unless there is evidence tending to connect the
defendant to the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). This rule
is a statutorily imposed review and is not derived from federal or state constitutional
principles that define legal and factual sufficiency standards. Brown v. State, 270 S.W.3d
564, 568 (Tex.Crim.App. 2008), cert. denied, 77 USLW 3595, __ U.S. __,129 S.Ct. 2075,
173 L.Ed.2d 1139 (2009). 
          When evaluating the sufficiency of corroboration evidence under the accomplice-witness rule, we eliminate the accomplice testimony from consideration and then examine
the remaining portions of the record to see if there is any evidence that tends to connect
the accused with the commission of the crime. Castillo v. State, 221 S.W.3d 689, 691
(Tex.Crim.App. 2007) (citing Solomon v. State, 49 S.W.3d 356, 361 (Tex.Crim.App.
2001)). To meet the requirements of the rule, the corroborating evidence need not prove
the defendant’s guilt beyond a reasonable doubt by itself. Brown, 270 S.W.3d at 568;
Trevino v. State, 991 S.W.2d 849, 851 (Tex.Crim.App. 1999). Rather, viewing the
evidence in a light most favorable to the verdict; Brown, 270 S.W.3d at 568 (citing Gill v.
State, 873 S.W.2d 45, 48 (Tex.Crim.App. 1994), the non-accomplice evidence must simply
link the accused in some way to the commission of the crime and show that “a rational
factfinder could conclude that the non-accomplice evidence ‘tends to connect’ appellant
to the offense.” Simmons v. State, 282 S.W.3d 504, 509 (Tex.Crim.App. 2009); Hernandez
v. State, 939 S.W.2d 173, 178-79 (Tex.Crim.App. 1997). The corroborating evidence need
not connect the defendant to every element of the crime. Vasquez v. State, 56 S.W.3d 46,
48 (Tex.Crim.App. 2001). There is no set amount of non-accomplice corroboration
evidence that is required for sufficiency purposes; “[e]ach case must be judged on its own
facts.” Gill v. State, 873 S.W.2d 45, 48 (Tex.Crim.App. 1994).
          Moreover, circumstances that are apparently insignificant may constitute sufficient
evidence of corroboration. Trevino, 991 S.W.2d at 852. Although proof that the accused
was at or near the scene of the crime is insufficient to corroborate; Golden v. State, 851
S.W.2d 291, 294 (Tex.Crim.App. 1993), “when coupled with other suspicious
circumstances, [such evidence] may tend to connect the accused to the crime so as to
furnish sufficient corroboration to support a conviction.” Brown v. State, 672 S.W.2d 487,
489 (Tex.Crim.App. 1984). 
          The non-accomplice evidence at trial established that Appellant used
methamphetamine and bought drugs from Hernandez. He also knew Jimmie Don and
Bobbie. This evidence corroborates testimony by Jimmie Don and Bobbie that they knew
Appellant in connection with their drug-related activities. 
          The physical evidence obtained by Deputy Torres, on September 2, 2004,
connecting Hernandez with information that there was going to be a “cook” requiring the
theft of anhydrous ammonia corroborates Jimmie Don’s testimony that he “cooked” with
Hernandez and a “cook” was anticipated that night. The evidence also corroborates
Bobbie’s testimony that Hernandez was involved in the combination to manufacture
methamphetamine.
          Deputy Torres’s testimony that, on August 11, he detected a strong odor of ether
in, and around, Appellant’s house, coupled with his knowledge that ether was used in the
manufacture of methamphetamine, and the presence of Appellant and Hernandez at the
residence, corroborates Jimmie Don’s testimony that, prior to the arrival of the police, he
was at Appellant’s house “cooking” methamphetamine with Hernandez. This evidence
corroborates his testimony that he “cooked” at other locations belonging to Appellant. This
evidence also corroborates Bobbie’s testimony that Appellant permitted them to use his
house to manufacture methamphetamine, was aware they were “cooking” on August 11,
and participated in the “cook.” That he had a police scanner and surveillance cameras at
his house to monitor activity outside also corroborates Bobbie’s testimony that Appellant
used these devices to monitor police activities and call Hernandez with information. It also
corroborates her testimony that Appellant was responsible for surveillance on August 11
while they were “cooking” methamphetamine at his house and warned her of the police
officers’ arrival. Appellant’s statement corroborates the testimony of Jimmie Don and
Bobbie regarding the events of August 11 as well as testimony related to other participation
by Appellant in the combination to manufacture methamphetamine.
          Having reviewed the record in its entirety, we find the testimony of Deputies Torres
and Marshall, the physical evidence gathered during the investigation, Appellant’s disputed
statement to Deputy Torres, and his testimony at trial, provide sufficient non-accomplice
evidence to corroborate the testimony of the accomplice witnesses, Jimmie Don and
Bobbie Westbrook.
          Moreover, taking all the evidence together and considering Appellant’s statement
that he participated in the manufacture of methamphetamine with the members of the
combination,


 we find legally sufficient evidence from which a jury could reasonably infer
Appellant intended to participate in a combination by assisting in the manufacture of
methamphetamine with, at least, three members of the combination. 
          Contrary to Appellant’s assertion, Shaw v. State, 89 Tex.Crim. 205, 229 S.W. 509
(1921) and Kennedy v. State, 78 Tex.Crim. 24, 180 S.W. 238 (1915) do not require a
different result. Like Shaw, here, there is corroborating non-accomplice evidence other
than Appellant’s statement to lend corroboration to the accomplice testimony. 180 S.W.
at 512. Further, Kennedy stands for the proposition that, although accomplice testimony
and an incriminating statement , each apart and on their own, may be insufficient to sustain
a conviction, the two together may support one another in sustaining a conviction. 180
S.W. at 239. Appellant’s second issue is overruled. 
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                          Patrick A. Pirtle 

                                                                                  Justice 

     

Do not publish.